# THE MERCHANTS' INSURANCE COMPANY OF CHICAGO

## *v.*

## ALBERT PAIGE.

1. INSURANCE—*notice.* Where a party obtained from the agent of an insurance company a marine policy on goods, lost or not lost, shipped on a certain day, it appeared the vessel on which the goods had been shipped was lost two days prior to the date of the policy. The defense, in an action against the company, was, that the party procuring the insurance knew of the loss at the time, and failed to inform the agent: *Held*, the fact that the daily papers at the place where the policy was issued, announcing the loss of the vessel, were received at the office of the company on the morning of the day the policy was issued, did not show, necessarily, that the information was received by the company. Moreover, the particular agent through whom the insurance was effected, was the person who should have had the information; and as his business was outside of the office of the company, information at the office was not the same as information to him, or to the company. Nor would notice to one of the agents of the company necessarily import notice to another.

2. WEIGHT OF EVIDENCE—*for the jury.* It is improper for the court to instruct the jury as to the weight of the evidence.

APPEAL from the Superior Court of Cook county ; the Hon. WILLIAM A. PORTER, Judge, presiding.

Messrs. HITCHCOCK, DUPEE & EVARTS, for the appellant.

Messrs. SLEEPER & WHITON, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on a marine policy of insurance issued June 7, 1870, by the appellant, on a quantity of dried fruit, lost or not lost, shipped at Cleveland to the appellee at Chicago, June 3, 1870, on a propeller of the Union Steamboat Company.

The trial in the court below resulted in a verdict and judgment for the appellee.

The fruit was laden on the propeller *Wabash*, which was sunk in Lake Huron on the night of the 5th of June, by a collision.

The insurance was procured by one Stewart, from Atkins, an agent of the appellant.

Previously to procuring the insurance, on the morning of the same day, Stewart had applied to one E. K. Bruce for insurance on the same property, who declined to take it, and at the same time told Stewart that the *Wabash* had sunk, and probably she was the vessel that had the fruit on board.

The ground of defense was, that Stewart did not communicate this information to Atkins.

It was argued on the trial that Atkins, who was absent, would, if present, testify that at the time Stewart applied to him for the policy, he had no information that the *Wabash* had sunk, and that Stewart did not communicate any information to him on that subject.

It seems to be admitted that, if Atkins had possessed this information, Stewart was not required to communicate it to him.

29—60TH ILL.

Upon the trial, the court gave to the jury the following instruction on behalf of the plaintiff :

" If the daily papers of this city, containing the news of the disaster to the *Wabash*, were received at the office of the company on the morning of the 7th of June, 1870, a presumption that the news of the disaster reached the defendant in the forenoon of that day might be indulged, unless such presumption is rebutted by other testimony."

We think this instruction is open to the objection of instructing the jury as to the weight of evidence.

The having received at the office of the company the papers referred to, was but evidence tending to show that the news of the disaster had reached the defendant, or its agent, Atkins, and the court should not have instructed the jury as to the weight of the evidence. The jury should have been left free to weigh for themselves the evidence, and determine upon its effect uninfluenced by the opinion of the court.

The evidence shows that the news of the sinking of the *Wabash* had been actually received at the office of the company on the morning in question, and it may be said that the instruction could have done no harm, there being positive proof that such information was actually received at the company's office. But information received at the office of the defendant was not necessarily received by the defendant, so as to obviate the defense here set up. The defendant is an incorporeal entity, which transacts its business by the instrumentality of agents, and notice to one does not necessarily import notice to another of its agents, or to the defendant, so far as this defense is concerned.

Atkins being the particular agent of the company through whom the insurance was effected, he was the person who should have had the information in question. His duties were not within the office, but his business was upon the board of trade, to look up marine risks, where he seems to have been in attendance through the business hours of the day named, and

information at the office of the company was by no means the same as information to him, or, in the language of the instruction, to the "defendant." The instruction was faulty, too, in its being calculated to mislead the jury as to the person who should have had the information, as well as pronouncing as to the weight of the evidence.

For error in giving this instruction, the judgment must be reversed and the cause remanded.

*Judgment reversed.*