(No. 13427.—Judgment affirmed.)

EARL R. PALMER et al. Appellants, vs. THE BULL DOG
AUTO INSURANCE ASSOCIATION, Appellee.

*Opinion filed October 23, 1920.*

1. INSURANCE—*renewal of policy is new contract of assurance.*
A renewal of a policy is, in effect, a new contract of assurance,
being, unless otherwise expressed, on the same terms as were con-
tained in the original policy.

2. SAME—*application for insurance must be accepted before
contract is complete.* Where an application for insurance provides
that the policy shall take effect on the day the application is ap-
proved there is no contract until it is approved, as the application
is not a contract but is a mere proposal which requires acceptance.

3. MOTOR VEHICLES—*car stolen before application for transfer
of insurance is approved is not insured.* Where a contract for au-
tomobile insurance against theft provides that when the insured
car is disposed of and another car is purchased, another contract,
to be attached to the former certificate, will be issued upon the pay-
ment of a fee and the making of an application, which must be
approved by the insurer, the insurance on the new car does not re-
late back to the time said application is made, and if the car is
stolen before the application is approved there can be no recovery.

APPEAL from the Appellate Court for the Second Dis-
trict;—heard in that court on writ of error to the Circuit
Court of Peoria county; the Hon. CHARLES V. MILES,
Judge, presiding.

ARTHUR KEITHLEY, for appellants.

CLARENCE W. HEYL, and HARRY C. HEYL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellants, Earl R. Palmer and his step-father, Dr.
George Limmer, brought suit against the Bull Dog Auto
Insurance Association in the circuit court of Peoria county,
declaring specially upon an insurance policy insuring them
against loss or damage as to an automobile owned by them
jointly, from various causes, including theft. The cause

was tried on the last amended declaration and a plea of the general issue, and a stipulation that all defenses of law and fact might be proven under said plea. The first jury trial resulted in a verdict for plaintiffs for $500. Each side moved for a new trial, which was granted and the cause was tried before another judge and jury. At the close of all the evidence the court directed a verdict for the defendant. The plaintiffs moved for a new trial for the sole reason that the court erred in directing a verdict. That motion was denied and judgment entered. Appellants sued out a writ of error from the Appellate Court for the Second District, and the judgment of the trial court was there affirmed. That court granted a certificate of importance, and the cause is here on appeal.

Appellee is a voluntary association of automobile owners, which writes insurance against loss by fire, collision or theft. Each member is called a subscriber and signs a lengthy contract of some fifty-five paragraphs. The principal managing officer is called the attorney in fact, and he is assisted in his duties by an advisory committee of five. The contract of insurance requires that the applicant give the name and description of his auto and other particulars. It contains certain provisions as to the rate of insurance and the amount of premium, and provides that the association will not issue a policy until the property to be insured is first passed upon by an inspector and the auto owner accepted by the attorney in fact as a man of good moral character and a suitable person to be insured, and that the attorney in fact may afterwards cancel the certificate of insurance if he considers that the subscriber has become an undesirable subscriber. Each subscriber pays a membership fee as well as an annual fee, and the losses are paid by assessments made from time to time *pro rata,* according to the amount of the insurance each subscriber carries. If any subscriber sells or disposes of an auto covered by his policy of insurance and desires to have the policy cover one

subsequently acquired he must give notice to the attorney in fact, describing the new automobile and paying a fee, "when a contract, to be attached to the subscriber's certificate, will be issued which will cover as fully the insurance or loss on the 'new' automobile as was covered on the automobile in the original certificate, provided such 'new' automobile is acceptable to the attorney in fact." Assessments are required to be paid within thirty days after notice, and if not paid on the forty-fifth day after such notice the subscriber and his policy stand suspended.

On December 18, 1916, appellants obtained a policy insuring their Buick car for $650. They sold that car in June, 1917, and shortly thereafter purchased a Chandler car. An assessment of $5.87 was levied upon them on June 1, 1917, and they were notified of that fact. Appellants lived in Peoria and the attorney in fact of the auto insurance association lived in Washington, Tazewell county, about twelve miles distant. Dr. Limmer and his office stenographer testified that about three o'clock on August 7, 1917, the doctor mailed a letter addressed to the attorney in fact at Washington, Illinois, in which he enclosed a check for $7 to pay the past-due assessment of $5.87 and to pay the fee of $1 for the transfer, and asked therein that the insurance be changed from the Buick, formerly insured, to the new six-cylinder Chandler then owned by appellants. The testimony also shows that about seven o'clock P. M. on that same day one of the appellants left the Chandler car in front of a bank building in Peoria, and when he came back, about nine o'clock P. M., the car had been stolen and has never since been recovered. The attorney in fact received the application on August 8, approved it and issued a rider to be attached to the original contract of insurance, including loss by theft, for $1116.80, and mailed the same to appellants and they attached this rider to the old policy. On the same day, August 8, the appellants mailed a notice to the attorney in fact of the theft of the car, and

2894 — 19

that notice was received by the attorney in fact on August 9. Acting for the association he refused to pay for the loss, and this suit was brought to recover therefor.

Counsel for appellants argues that because of the provisions of the policy here under consideration providing for the substitution of cars upon the payment of a certain fee, appellants bought the privilege, when they procured the policy, to have said transfer at any time they requested it, and that by the doctrine of relation such transfer must necessarily relate back to the time it was applied for, in this case three o'clock P. M., August 7, which was from four to six hours before the car was stolen; that there was no option or choice in the matter on the part of the insurance association after the application was received by it, with the money for the back assessment and the fee for the transfer, and that the acceptance of the assessment without condition waived all former known grounds of forfeiture of the policy, and the retention of the money paid as an assessment was a ratification of the contract and estops appellee from making any defense in a suit upon the policy. Counsel contends that under the provisions of the policy when appellants mailed their letter asking for the transfer and enclosing the money, they, in effect, accepted the contract offered by the insurer under the old policy, the term of the insurance beginning when the letter of acceptance was mailed, notwithstanding the subject of the insurance may have been destroyed or stolen before the letter reached the representative of the association, under the reasoning of the following cases: *Firemen's Ins. Co.* v. *Kuessner,* 164 Ill. 275; *Pennsylvania Ins. Co.* v. *Meyer,* 126 Fed. 352; *Burton* v. *United States,* 202 U. S. 344; *Limerick* v. *Home Ins. Co.* 150 Ky. 827; *Bennett* v. *Union Ins. Co.* 203 Ill. 439.

We cannot agree with counsel for appellants in this conclusion. Appellants had no absolute right to have the transfer made under the old policy. This application after the purchase of the Chandler car was, in law, an application for

a new contract of insurance. This court has held that a renewal of a policy is, in effect, a new contract of assurance, being, unless otherwise expressed, on the same terms and conditions as were contained in the original policy. (*Hartford Fire Ins. Co.* v. *Walsh,* 54 Ill. 164; *Hartford Fire Ins. Co.* v. *Webster,* 69 id. 392.) When they made the application for the transfer of the policy appellants realized that their request required the acceptance of the attorney in fact of the association, for the letter closed with the statement, "Kindly acknowledge receipt and notify me of the changes." Under the provisions of the original contract the assessment became due and payable by appellants to appellee on June 1, 1917, and under the provisions of that policy the contract of insurance was forfeited and canceled upon the books of appellee on July 15, 1917. Section 24 of the contract of insurance provides, among other things, that the mailing of the notice of an assessment shall in no case be construed as a waiver of default in the payment of an assessment or intention of re-instatement of the subscriber, "and no person shall or may be re-instated as a subscriber hereof except by instrument in writing signed by the attorney in fact." This provision fully answers the argument of counsel for appellants that the request of the alleged agent of appellee to appellants that they should pay the back assessment, made a day or two before the application of appellants for the transfer of the policy, waived the forfeiture. This could not be done without the written consent of the attorney in fact, which on this record cannot be claimed to have been granted until after the auto was stolen. "Where a loss occurring before the risk attaches is known only to the applicant and he obtains a policy without disclosing the fact of loss the policy is void, even though the contract be given a date prior to the loss." (1 Joyce on Insurance,—2d ed.—sec. 107.) The risk could not have attached to the auto under this contract until the application had been accepted on August 8 by the attorney in fact, and

that was after the auto had been stolen. Where an application for insurance provides that the policy shall take effect on the day the application may be approved, if it is not approved there is no contract of insurance. (*Baptist Church* v. *Brooklyn Fire Ins. Co.* 28 N. Y. 153.) An application for insurance is not itself a contract but is a mere proposal, which requires acceptance by the insurer through someone actually or apparently authorized to accept the same, to give it effect as a contract. (1 Cooley's Briefs on Insurance, 413.) In *Merchants' Ins. Co.* v. *Paige,* 60. Ill. 448, a marine insurance policy was obtained on goods shipped on a vessel lost two days prior to the date of the policy. This loss was known to the insured at the time but he failed to inform the agent, and it was decided that the particular agent effecting the insurance should have been informed; that knowledge by the company of the loss did not necessarily arise from the fact that the daily papers received at the company's office on the day the policy was issued contained a notice of the loss, and that notice to one agent of the company did not necessarily import a notice to the other.

Under the authorities there can be no question that the rider dated August 8 insuring the Chandler car did not become effective until signed by the attorney in fact of appellee. There was therefore no insurance on the car at the time it was stolen. If the old policy was in force on August 7 it insured a Buick car, which was not stolen. If appellants had brought suit on this policy it must necessarily have been to recover for a Buick car which they had long since sold and to recover $650, whereas they sued to recover for a Chandler car on a claim for $1116.80.

Counsel for appellants further argues that the trial court was wrong in directing a verdict in favor of appellee, and the Appellate Court was wrong in affirming that judgment, because at the time of the application for the transfer of

the insurance from the Buick to the Chandler car appellants sent the association $7; that appellants only owed at that time $5.87 back assessments and the $1 fee for the transfer of the policy from the old to the new auto, and that therefore there was a balance due them of thirteen cents from the $7 sent, and they should have had a judgment, under the pleadings on the trial, for that amount. The attorney in fact of appellee testified on the trial that an assessment notice was mailed to all members of the association on June 1 for $2.66, which appellants had not paid on July 15, 1917, when their membership in the association was automatically canceled for non-payment of dues, and that this $2.66 was still due and unpaid at the time he received the check for $7 from appellants for the association. Counsel for appellants contends that this same man testified on cross-examination that a *per capita* assessment could not be collected under the provisions of the policy until December 1 following the time it was levied, and that therefore the $2.66 was not due on this assessment at the time the $7 was sent to appellee. We can find no such provision in the copy of the contract of insurance contained in this record, and therefore cannot decide with certainty whether the claim of counsel for appellants or that of counsel for appellee is correct with reference to the thirteen cents and the $2.66,—whether the $2.66 assessment was due at the time of the application for the transfer of the policy. We do not feel that there is any justification for reversing the judgments of the circuit and Appellate Courts on this point.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE STONE took no part in this decision. .