### Harry Week and Ethel Fluegel, Appellees, v. Federal Automobile Insurance Association, Appellant.

1. INSURANCE—*proof of authority of agent to execute oral contract as prerequisite to its validity.* An oral contract of insurance entered into between the insured and an agent of the insurer is not binding upon the insurer in the absence of proof that the agent was authorized to enter into such contract.

2. INSURANCE—*validity of oral contract procured by concealment of prior loss of subject of insurance.* Where, after a policy insuring an automobile against collision damage had been returned to the insurer's head office undelivered because of nonpayment of premium, the car was damaged in a collision, and on the second day following the insured paid to the insurer's agent the amount of the premium fixed for such policy, and secured

Fourth District—February, 1926.        511

Week v. Federal ·Auto. Ins. Ass'n, 239 Ill. App. 510.

the agent's receipt therefor, but without disclosing the fact of the collision, held that even if the transaction amounted to an oral contract of insurance the same was void.

3. INSURANCE—*sufficiency of evidence to establish valid oral contract in renewal of former policy.* Where, after the expiration of an automobile insurance policy containing no provision for renewal, and also after the return to the head office of the insurance company of a subsequently issued policy, undelivered because of nonpayment of the premium, the car was damaged in a collision, and thereafter the owner, concealing the fact of such collision, paid to the insurer's agent the amount of the premium fixed for the second policy, receiving his receipt therefor as a payment thereon, and thereafter brought suit for such loss, declaring upon the first policy and a claimed oral contract of insurance in renewal thereof, held that the evidence was insufficient to prove a valid oral contract in renewal of the former policy, and hence not sufficient to support a judgment in favor of such owner.

Appeal by defendant from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed February 17, 1926.

GEERS & GEERS, for appellant.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Under date of June 18, 1924, the Federal Automobile Insurance Association, appellant, issued its policy number 59570 to Harry Week and Ethel Fluegel, appellees, insuring one Jewett automobile against damages resulting from collision. The premium was $35.50 which together with the $3.00 membership fee was paid appellant on July 5, 1924, within the period of 30 days' grace allowed by the policy. The policy by its terms expired December 18, 1924, and contained no provisions for a renewal. In August, 1924, appellees had a rider attached to the policy transferring the coverage from the Jewett to a Buick automobile for a fee of one

512    APPELLATE COURTS OF ILLINOIS.

Week v. Federal Auto. Ins. Ass'n, 239 Ill. App. 510.

dollar, which was not then paid. It appears that after the expiration of the policy, application for a new policy was made and the policy issued by appellant's head office and sent to its agent in East St. Louis for delivery. It also appears that appellant's solicitor called upon appellee Ethel Fluegel to deliver the new policy and collect the premium therefor, but that she did not pay the premium and the policy was returned to appellant's head office.

On February 24, 1925, the car while driven by the husband of Ethel Fluegel met with a collision in St. Louis, Missouri. On February 25, this appellee called appellant's agent to come to her home and requested of him the delivery of her policy. The agent advised her that the policy had been returned. The following day she again called appellant's agent to her home and there paid him $35.50 premium for a new policy and the dollar which she owed for the rider changing the insurance. Appellant's agent gave her the following receipt omitting the formal parts, "Received of Ethel Fluegel thirty-six and 50/100 dollars premium for original policy issued December 18, 1924." Appellant's agent afterwards sent her his check covering this amount. The declaration however declared upon the policy issued June 18, 1924. Appellant's agent testified that up to the time of receiving this payment and the giving to appellee of the receipt he did not know of the accident which had happened two days before, but that after the transaction was completed appellee told him her husband was sick, and he went into the next room to see him. He found the husband in bed with his face injured and there for the first time learned of the accident which had happened two days before. Appellee Ethel Fluegel admitted that she did not tell the agent of the accident on February 25, but stated she did tell him on the following day before she paid him the money. The case was tried before the court without a jury. It is contended by appellees in their argu-

ment that even though the original policy of June 18, 1924, which was the one declared upon, was not in force that an oral contract of insurance existed and appellees were protected thereby. Even though this transaction be considered as an oral contract of insurance the law is that before such a contract is legal and binding it must be shown that the agent who enters into the contract has the authority to make the same. In this case the witnesses for appellant testified that the agent had no authority to execute a contract of insurance either written or oral. There is no evidence to contradict this, nor is there any evidence showing any facts which would tend to lead appellees to believe that appellant's agent had the authority to execute a contract of insurance. The injury to the car had taken place before the oral contract existed, if it be conceded there was an oral contract, and we are of the opinion the evidence shows that appellees did not advise appellant's agent of the injury to the car, and that he was deceived in that respect. Appellees' loss had occurred before the risk attached, if any did attach, and, as we view the evidence, was known only to appellees and they obtained what they term the oral policy without disclosing the fact of the loss to appellant. Under the condition of the proof even though such transaction amounted to an oral contract of insurance the same would be void. (*Palmer v. Bull Dog Auto Ins. Ass'n,* 294 Ill. 287.)

The receipt given by appellant's agent shows that the premium was not accepted upon the policy, which was declared upon. Appellee Ethel Fluegel's statement that the claimed oral contract was a renewal of the policy sued upon is but a conclusion not supported by the evidence. The policy sued upon contained no provisions for a renewal in this manner.

Appellee Ethel Fluegel testified that in a conversation with appellant's agent about the 6th or 7th of February, 1925, he told her that she need not worry as she

was fully covered by the policy. Appellant's agent however testified that this conversation referred to a collision which appellee's son had had sometime in November, 1924, and concerning which she was threatened with litigation. In our opinion there was no valid oral contract between the parties and the evidence does not disclose a renewal of the policy sued upon. There is therefore no evidence to support the judgment, which must be reversed.

*Judgment reversed and cause remanded.*