Darwin Meyer and Elroy Meyer, Plaintiffs-Appellants, v. Aetna Casualty Insurance Co., Defendant-Appellee.

Gen. No. 64–F–17.

Fifth District.

February 14, 1964.

Wiseman, Hallett & Mosele, of Alton, for appellants.

Green and Hoagland, of Alton (Robert B. Maucker, of counsel), for appellee.

DOVE, P. J.

On September 6, 1962, a two-count, first amended, complaint was filed in the circuit court of Madison County. By count one, Darwin Meyer sought a recovery against Aetna Casualty Insurance Company for $4500, together with costs and attorney fees. By count two, Elroy Meyer sought to recover $4000 and costs and attorney fees from the same defendant. The defendant filed its motion supported by affidavits for a summary judgment. The plaintiffs filed a similar motion for a summary judgment in their favor. The trial court denied the motion of the plaintiffs, sustained the motion of the defendant, and rendered judgment in favor of the defendant and in bar of the actions of the plaintiffs. This appeal by the plaintiffs followed.

The record discloses that appellee, insurance company, issued its policy of automobile liability insurance to Garnell A. Waters, Sr. effective July 27, 1959. The policy obligated the company to pay, on behalf of the insured, all sums which the insured should become legally liable to pay as damages for bodily injuries sustained by any person, and also injury to, or destruction of, property arising out of the ownership or use of the owned automobile. Besides these coverages for bodily injury and property damage, the policy obligated the company to defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of the policy. The insureds, under the provisions of the policy, were the named insured, Garnell A. Waters, Sr. and any resident of his household.

185

The policy also contained this endorsement, signed by the insured, which states: "It is agreed that such insurance as is afforded by the policy for Bodily Injury liability, for Property Damage liability, for Automobile Medical payments and for Collision or Upset, does not apply to accidents or losses occurring while any automobile is being personally driven by Garnell A. Waters, Jr." The policy under the words "Description of owned automobile" referred to Car 1 as a "59 Ford 4-dr. Fairlane" and to Car 2 as a "50 Chevrolet, 2-dr. Power Glide."

On May 18, 1960, while this policy was in force, one of the insured cars belonging to Garnell A. Waters, Sr., was being driven by Garnell A. Waters, Jr., a son of the insured. It was involved in a collision with a car driven by Elroy Meyer, in which Darwin Meyer was a passenger. Following this accident an action was brought by Darwin Meyer and by Elroy Meyer, against Garnell A. Waters, Sr., and Garnell A. Waters, Jr., to recover damages for injuries which they sustained in that collision. As a result of that action, Darwin Meyer recovered a joint judgment against Garnell A. Waters, Sr., and Garnell A. Waters, Jr. for $4500, and Elroy Meyer recovered a judgment against the same defendants for $4000.

In both counts of the instant complaint it was alleged that the defendant, insurance company, had notice of the action brought by Darwin Meyer and Elroy Meyer, but refused to defend the same; that the judgments obtained by Darwin and Elroy Meyer have become final and unappealable; that executions have been issued upon said judgments which have been returned "no goods found." The complaint concluded that as a matter of public policy the defendant, insurance company, was required to insure Garnell A. Waters, Jr. against any and all liability arising out of the operation of the insured automobile, belonging

186

to Garnell A. Waters, Sr., and avers that the "exclusion or attempted exclusion clause to the contrary, is void and against public policy."

Counsel for appellants state that their "theory is that by virtue of the judgments against the insured, the defendant, insurance company, is responsible to pay the judgments to the plaintiffs." Counsel insist that Garnell A. Waters, Jr. was the agent, servant and employee of the insured, Garnell A. Waters, Sr. at the time of the accident and therefore "even if the driver of the car is expressly excluded from coverage, the insured is still liable and the insurance company must pay all damages to third persons, under the doctrine of respondeat superior."

It is the theory of counsel for appellee that the insurance contract clearly expressed the intention of the parties and that intention was to exclude coverage when any automobile was being driven by Garnell A. Waters, Jr.; that the insurance contract, including the specific endorsement, was clear and unambiguous, and should be given its plain, ordinary and commonsense meaning; that plaintiffs in the instant proceeding are in the same position as the insured had he brought this action and defendant therefore has the right to assert the lack of coverage as to plaintiffs as well as to the insured.

Counsel for appellants cite and rely on Sims v. Illinois Nat. Cas. Co., 43 Ill App2d 184, 193 NE2d 123 (leave to appeal denied by the supreme court), which was a garnishment action brought by Virgil Sims for the use of Edward Lee Ruark against the Illinois Nat. Cas. Co. It appeared that on October 22, 1952, Ruark was a passenger in a truck owned and driven by Sims. The truck was involved in a collision with another motor vehicle owned by Ghlee Watson and driven by Sherman Kinsel. The Illinois Nat. Cas. Co., prior to the accident, had issued separate automobile liability

187

insurance policies to both Sims and Watson. Following an investigation, the insurance company concluded it would not defend against, or pay, any claims asserted by Ruark against its policyholder, Sims, and Sims and his personal attorney were so advised, and upon the trial of the action which followed, Sims was represented by his personal attorney. The reason the company declined and refused to defend was, that, at the time of the occurrence, Ruark, the passenger, was an employee of the insured, Sims, and engaged in his employment, and therefore excluded from coverage under the policy.

Thereafter Ruark brought suit against Sims, Watson and Kinsel and recovered a judgment against Sims and it is this judgment upon which the garnishment proceeding against Sims' insurer, Illinois Nat. Cas. Co., is based.

The Appellate Court reversed the judgment of the trial court in favor of the insurance company, and entered judgment for the plaintiff in the garnishment proceeding for the amount Ruark recovered against the insured, Sims, in the original proceeding. The appellate court held that even though the insurer's investigation discloses a conflict between the allegations of a complaint and the actual facts as known to the insurer, the insurer is, nevertheless, under a duty to defend a suit against an insured where the complaint alleges a state of facts within the coverage of the insurance policy. The court held that the allegations of Ruark's complaint stated a cause of action against Sims, and did not suggest an exclusion from coverage under Sims' insurance policy, and the insurer, therefore, was required to assume the defense for Sims and in refusing to do so, the company breached the provisions of its insurance contract.

The facts in the instant case are not analogous to the facts in the Sims case. In its motion for summary

188

judgment a copy of the insurance policy issued by defendant to Garnell A. Waters, Sr. is attached and made a part of the motion. The policy did provide that "the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent, but the company may make such investigation and settlement of any claim or suit as it deems expedient." The policy also contained an exclusive endorsement which provided: "It is agreed that such insurance as is afforded by the policy for bodily injury liability, for property damage liability, for automobile medical payments and for collision or upset, does not apply to accidents or loss occurring while any automobile is being personally driven by Garnell A. Waters, Jr."

What the Sims case held was that the insurer was under a duty to defend a suit against an insured where the complaint alleges a state of facts within the coverage of the policy; that there was nothing in the complaint against Sims which would suggest an exclusion from coverage under the policy, and as the complaint did state a cause of action against Sims, the insurer breached its insurance contract in refusing to assume the defense for Sims in Ruark's suit against him.

In the instant proceeding all the record shows with reference to the former action are the allegations of the instant complaint which aver that the plaintiffs herein filed in the circuit court of Madison County a law suit against Garnell A. Waters, Sr. and Garnell A. Waters, Jr., who, the complaint alleged, was an agent for Garnell A. Waters, Sr.; that there was an automobile accident on May 18, 1960; that plaintiffs received permanent injuries in that accident and recovered joint judgments against Garnell A. Waters, Sr. and Garnell A. Waters, Jr.; that the defendant in

189

the instant proceeding had notice of said law suit and wrongfully refused to defend the claim and has refused to pay the judgments rendered against Garnell A. Waters, Sr. and Garnell A. Waters, Jr. It does not appear in this record that a defense is now being asserted by the insurance company for the first time which it was obliged to interpose in any prior action.

What does appear from the record in the instant case is that the insurance company made an investigation of this accident of May 18, 1960, and notified its insured that it would not defend because of the specific exclusion provision to the effect that the insurance afforded by its policy which it issued to Garnell A. Waters, Sr. did not cover any accidents or losses occurring while the insured automobile was being driven by Garnell A. Waters, Jr. It also affirmatively appears from this record that the accident occurred while Garnell A. Waters, Jr. was driving the insured automobile, and it affirmatively appears that at the time of the occurrence in question neither Garnell A. Waters, Sr. or Garnell A. Waters, Jr. had any insurance coverage under the policy issued by defendant.

■ ■ The instant proceeding is an action instituted by judgment creditors against an insurance company. The insurance company did agree to pay all sums which its insured should become legally obligated to pay as damages but it excluded such coverage as to any automobile driven by Garnell A. Waters, Jr. As a general rule, a judgment creditor is in no better position in a suit of this character than the insured, and any defense which the insurer may assert against the insured may be asserted as a defense against the injured party. (Firebaugh v. Jumes, 341 Ill App 1, 6, 92 NE2d 790.) As pointed out by counsel for defendant, if Garnell A. Waters, Sr. were to pay these judgments against him, and then seek to recover against defendant, on this policy of insurance, he

would not be permitted to repudiate an exclusion clause which he specifically requested and signed.

The contract of insurance in the instant case is clear and unambiguous. In the application for this policy, under the heading "additional information" is this statement: "Mrs. Waters, age 39, also drives. Please exclude the driving of the 16-year-old son, Garnell A. Waters, Jr. The son was involved in an accident on July 22, when he turned a 1949 Dodge over while driving on a country road. 1949 Dodge has been junked."

Where the language is clear and unmistakable, the rule that a policy of insurance is to be construed liberally in favor of the insured and against the insurer, is not applicable. Here the endorsement cannot be misunderstood. The effect of it was explained to the insured by the agent who sold the policy, and it explicitly excluded coverage while any automobile was being personally driven by Garnell A. Waters, Jr. The company did agree to pay all sums which Garnell A. Waters, Sr. should become legally obligated to pay if within the coverage of the policy it issued. Such coverage was excluded as to any automobile of the insured if driven by Garnell A. Waters, Jr. Garnell A. Waters, Jr. was driving this car when the collision occurred. He is the person who had the accident, and neither he nor his father had any insurance coverage under the policy of insurance upon which this action is based.

The judgment of the trial court was correct and is affirmed.

Judgment affirmed.

C. ROSS REYNOLDS and CLARENCE E. WRIGHT, JJ., concur.