Alfred SHAW and Carl A. Metz, d/b/a Shaw, Metz and Associates, Plaintiffs,

v.

The AETNA CASUALTY AND SURETY COMPANY, Defendant.

No. 66 C 661.

United States District Court
N. D. Illinois, E. D.
May 27, 1968.

Tom L. Yates, Yates, Fisk, Haider & Burke, Chicago, Ill., for plaintiff.

Cornelius J. Harrington, Jr., Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER ON THE MERITS

ROBSON, District Judge.

In this diversity action for breach of an insurance contract, the plaintiff firm of architects seeks to recover the amounts it spent in defense and settlement of a bodily injury suit in an Illinois state court. Plaintiff contends that the policy it carried with the defendant insurance company covered such an accident as was alleged in the state court lawsuit, and that defendant was bound to come in and defend that suit on behalf of the plaintiff. The defendant responds by denying that the suit was even potentially within the coverage of the entire policy, and that therefore, it had no obligation to defend at all. It is this court's conclusion that judgment should be rendered for the defendant insurance company.

The Chicago Housing Authority had engaged the plaintiff, Shaw, Metz & Associates, to draw up plans, specifications and drawings for a structure to be erected at 45th and State Streets. The actual construction was to be handled by the Gust Newberg Construction Company. On or about June 8, 1961, during the construction of this structure, one of the workers, Walter Ivanov, an employee of Gust Newberg, was seriously injured when part of the outrigger of a material hoist fell on him. Ivanov filed suit in the Circuit Court of Cook County (62 C 8194) against the C. H. A., Gust Newberg Construction Company, and Shaw, Metz & Associates.

When plaintiff received notice of this personal injury suit, it immediately notified the defendant that the suit was so filed, and that the plaintiff wanted the defendant to defend the action, pursuant to the provisions of the policy plaintiff carried with the defendant. The defendant refused this tender of the defense of the state court suit. Shortly before the case was set for trial, another tender was made to the defendant, which was also refused. The case was settled during trial for about $195,000, of which the plaintiff, Shaw, Metz and Associates, paid $35,000. The plaintiff also allegedly paid out about $30,000 in attorney's fees, costs and expenses, related to the defense of that suit. The plaintiff claims that this $65,000 should rightfully be paid by the defendant.

At the time of this mishap, plaintiff was insured by the defendant under a comprehensive liability policy (No. 8AL-11038). The defendant agreed, subject to any exclusions and other conditions,

"to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident."

The defendant also agreed to "defend any suit against the Insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent." There is, however, one relevant exclusion to this broad definition of liability. The T–28 exclusion of professional liability for engineers, architects or surveyors, says that

"It is agreed that the policy does not apply to injury, sickness, disease, death

or destruction (1) arising out of defects in maps, plans, designs or specifications, prepared, acquired or used by the insured; or (2) due to general supervision of the insured in connection with the operations of any contractor."

In order for the defendant to be relieved from its responsibility to defend, Illinois law demands that a complaint (such as the Ivanov complaint) show, on its face, that it clearly falls outside the provisions of the insurance policy. Any doubt is to be resolved in favor of coverage. See Sims v. Illinois National Casualty Co., 43 Ill.App.2d 184, 193 N.E.2d 123 (1963), and Palmer v. Sunberg, 71 Ill.App.2d 22, 217 N.E.2d 463 (1966). The defendant does not dispute this statement of Illinois law; it contends that the complaint in the state court suit showed unambiguously that the policy did not cover the accident. On this basis, the defendant argues that it had no obligation to defend.

The Ivanov complaint, in its first paragraph, defines the relationship among the C. H. A., Gust Newberg Construction Company, and the plaintiff herein, Shaw, Metz & Associates. That paragraph says

"[t]hat on and prior to June 8, 1961, the Defendant, CHICAGO HOUSING AUTHORITY, a municipal corporation, owned certain premises at 45th and State Street, in the City of Chicago, County of Cook and State of Illinois; that at said time and place, the Defendant, CHICAGO HOUSING AUTHORITY, a municipal corporation, had engaged and employed GUST NEWBERG CONSTRUCTION COMPANY, a contractor, to erect a structure in accordance with plans, specifications and drawings prepared by its architect, the Defendant, SHAW, METZ & ASSOCIATES."

Although the complaint goes on to allege that "each of the defendants" performed or failed to perform certain duties owed to the employee, Ivanov, there is no fur-

ther specific reference to the plaintiff herein. It therefore appears to this court that this first paragraph modifies any subsequent references to "each defendant." This makes sense when *any* one of the three defendants is considered.

Even if it could be added that plaintiff in the instant case, through one of its agents, supplied an allegedly defective rope over the objection of one of the construction workers (see Plaintiff's Exhibit 45), this would still have to be read into the complaint as related to plaintiff's main duties of providing the plans, etc., and would fall under the second part of the T–28 exclusion as "due to general supervision of the insured in connection with the operations of any contractor." It is clear from the complaint that Gust Newberg Construction Company was actually erecting the building. Plaintiff here provided the architectural services to C. H. A. and Gust Newberg. Plaintiff was not the contractor; if anything, plaintiff had men at the site to check on the implementation of its drawings and plans. In fact, Carl Metz, one of the partners of plaintiff, when he was discussing the wording in T–28, "arising out of defects in maps, plans, designs, or specifications," said: "That covers everything we do." [1] The first paragraph of the Ivanov complaint bears this statement out: Ivanov did not consider the plaintiff as providing any more than architectural services, or at the very most, the related supervisory services.

Under this reading of the Ivanov complaint, it is clear to this court that the defendant was justified in refusing to defend the plaintiff in the state court suit. The *Sims* and *Palmer* cases, supra, do not suggest that in a situation such as the one this court confronts, a company could not refuse to defend where it is beyond any reasonable doubt (from the face of the complaint) that its policy did not cover the accident. See Brodek v. Indemnity Insurance Co., 292 Ill.App. 363, 384–388, 11 N.E.2d 228 (1937);

1. Deposition, p. 10.

Meyer v. Aetna Casualty Ins. Co., 46 Ill. App.2d 184, 191, 196 N.E.2d 707 (1964).

On the foregoing grounds, it is ordered that judgment be rendered for the defendant, without costs.