(No. 48016.—

UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant, v. JOHN McMANUS *et al.*, Appellees.

*Opinion filed October 1, 1976.*

GOLDENHERSH, J., took no part.

Kralovec, Sweeney, Marquard & Doyle, of Chicago (Henry J. Marquard and Edward V. Scoby, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (John L. Kirkland, D. Kendall Griffith, and Stanley J. Davidson, of counsel), for appellees.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

This appeal involves a dispute between the plaintiff, United States Fidelity and Guaranty Company, and one of the defendants, Allstate Insurance Company (hereinafter referred to as "the defendant"), as to whether a liability policy issued by the plaintiff to the owner of an automobile covers an accident which occurred while the car was being driven by a person who was covered under a liability policy issued by the defendant.

The plaintiff's policy had been issued to Joyce Martin, the owner of the car. The policy covered the use of the car by the named insured and "any other person using such automobile with the permission of the Named Insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission."

In January of 1971, when Joyce Martin went to Florida for two weeks with her parents, she left her car with a friend, Sheila McManus, who, together with her brother, John, resided with their parents. While the car was in Miss McManus' custody, her brother, on an occasion when his sister was not at home, took the car in order to keep a doctor's appointment, and in the course of the trip he struck Helen Kalmus, a pedestrian, who thereafter filed an action against him to recover damages for personal injuries.

The policy issued by the defendant to the father of John McManus provided coverage for any relative of the named insured with respect to a nonowned automobile.

There is no question but that this policy covered John McManus.

The defendant Allstate undertook the defense of the personal injury action, but advised the plaintiff that in its opinion the policy issued by the plaintiff also applied and constituted the primary insurance, with the defendant's policy furnishing only excess coverage.

In order to resolve this controversy the plaintiff filed the present action in the circuit court of Cook County for a declaratory judgment against the defendant, as well as Helen Kalmus and John McManus, who are the plaintiff and defendant in the basic action, out of which this subsidiary controversy between the two insurance companies arose. That basic action still awaits trial. The present case does not involve any controversy between the original plaintiff and the original defendant. It relates solely to the apportionment of liability between the two insurance companies.

Motions for summary judgment supported by affidavits were filed on behalf of the plaintiff and the defendant John McManus. The circuit court denied the plaintiff's motion, granted the motion of the defendant McManus, and entered judgment in his favor. The Appellate Court for the First District affirmed (32 Ill. App. 3d 370), and we granted leave to appeal.

The parties agree that if the policy issued by the plaintiff covers the accident then it constitutes the primary insurance, with that issued by the defendant providing excess coverage only. It is also agreed that the owner of the vehicle, Joyce Martin, did give permission to Sheila McManus to drive it, but that Miss Martin did not tell either Miss McManus or her brother that the latter also had such permission.

The affidavits of Sheila and John McManus, which were attached to the motions for summary judgment, disclose that on the day preceding the accident, John had requested and received permission from his sister to use

the car for a household errand. It does not appear that anything was said between the two as to whether he did or did not have permission to use the car again in the future without requesting permission from his sister. The appellate court did not find it necessary to inquire into whether John had implied permission to use the car on the day of the accident, since it concluded that such an inquiry was unnecessary under our decision in *Maryland Casualty Co. v. Iowa National Mutual Insurance Co.* (1973), 54 Ill. 2d 333.

In *Maryland Casualty* the owner of a car had given his son permission to drive it, but had told him that he must not allow anyone else to do so. Notwithstanding this injunction, the son allowed a friend to drive the car, and while the friend was driving it, the car collided with another vehicle. The provision relating to coverage in the owner's insurance policy was virtually identical to that in the present case.

We held that the owner's policy applied, on the ground that when the owner has given permission to someone else to use his car, the owner's insurance will cover not only the first user, but others whom the first user permits to drive the car, even though the granting of such permission violates the terms on which the owner made the car available.

The rationale of *Maryland Casualty*, as the appellate court in the present case recognized, was "to bring simplicity to what had become a complex area of the law necessitating frequent litigation and to further implement a policy long adhered to regarding the benefit received by the public from private insurance contracts." 32 Ill. App. 3d at 373.

The plaintiff points out that in *Maryland Casualty* the initial permittee had granted permission to the driver of the car, and urges that similar permission, which the plaintiff contends was not granted here, must be shown if

the decisions of the circuit and appellate courts are to stand. We do not agree.

We see no difference in principle between a situation where the first permittee exceeds the scope of his authority, as in *Maryland Casualty,* and the present situation where the first permittee has allegedly failed to grant permission to the operator of the vehicle. Adoption of the plaintiff's position would represent a departure from the broad "initial permission" rule adopted in *Maryland Casualty,* and it would propel the courts into further prolonged collateral inquiries of the sort which that decision sought to eliminate. We adhere to the view expressed in *Maryland Casualty* that where an insurer elects to include in its policy a broad provision extending liability coverage to persons operating or using a car with the permission of the owner, a further grant of permission from the initial permittee need not be shown in order to invoke the coverage.

As we suggested in *Maryland Casualty,* the initial permission rule does not compel the result that the insurer may be held liable even though it can prove that the operator of the car has obtained possession by a theft or a tortious conversion. The plaintiff's motion for summary judgment, however, fails to show any such circumstances here.

The judgment of the appellate court is correct, and it is accordingly affirmed.

*Judgment affirmed.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.