ECONOMY FIRE & CASUALTY COMPANY, Plaintiff-Appellee, *v.* TREVOR PEARCE *et al.*, Defendants.—(LARRY L. SCHNAUTZ, Defendant-Appellant.)

Fifth District    No. 79-14

Opinion filed December 4, 1979.—Rehearing denied January 14, 1980.

HARRISON, J., dissenting.

Ray Fehrenbacher, of Fehrenbacher & Whitney, of Olney, and Richard F. Record, Jr., of Craig & Craig, of Mattoon, for appellant.

Maurice E. Gosnell, of Gosnell, Benecki, Borden & Enloe, Ltd., of Lawrenceville, for appellee.

· Mr. PRESIDING JUSTICE JONES delivered the opinion of the court: ⁾

This appeal involves an action for declaratory judgment brought in the circuit court of Richland County by Economy Fire and Casualty Company (Economy) against Trevor Pearce, Debra Pearce (now Parish), Roger Parish and Larry Schnautz. Defendant Schnautz appeals from a judgment declaring that by reason of a "youthful driver endorsement" attached to an automobile insurance policy issued by Economy to Trevor Pearce, Economy had no obligation to defend Debra Pearce or Roger Parish in an action brought against them by Larry Schnautz for damages arising out of an automobile accident involving Trevor Pearce's automobile, or to pay any sums which they might become legally obligated to pay as a result of such action. Schnautz also appeals a simultaneous order denying his motions for leave to amend his answer and to conduct additional discovery.

The issues on appeal are: (1) whether the youthful-driver endorsement was in effect at the time of the accident; (2) whether the endorsement precludes coverage of the claims against Debra Pearce; (3) whether the endorsement is void as against public policy; and (4) whether the court abused its discretion in denying Schnautz's motions for leave to amend his answer and to conduct additional discovery.

On January 10, 1976, Trevor Pearce was the named insured on an automobile policy issued by Economy which covered a certain 1974 Chevrolet Nova automobile. On that date, this automobile was involved in a head on collision with a pickup truck driven by Larry Schnautz. At the time of the accident the Pearce automobile was being driven by 20-year-old Roger Parish with the permission of Pearce's daughter, Debra, who was a passenger in the automobile. As a result of the accident, Schnautz sustained severe and permanent bodily injuries. He subsequently sued both Parish and Debra Pearce to recover damages for these injuries. Economy then commenced the present declaratory judgment action which resulted in the entry of a judgment that Economy had no obligation under the policy to afford any coverages in favor of Debra Pearce or Roger Parish with respect to Schnautz's lawsuit because the insured automobile was being operated by Parish in violation of the policy's "youthful driver" endorsement at the time of the accident.

The original policy period of the policy upon which the Pearce automobile was listed as an owned automobile extended from April 19, 1974, to April 19, 1975. Condition 1 of the policy provided that the policy could be continued in force for successive policy periods by payment of the required continuation premium to Economy on or before the effective date of each successive period. The instant policy was

continued in force for the successive period of April 19, 1975, to April 19, 1976, by Trevor Pearce's payment of the continuation premium by check dated April 15, 1975. The policy obligated Economy to pay on behalf of an insured all sums which he became legally obligated to pay because of bodily injury or property damage "arising out of the ownership, maintenance or use of the owned automobile" and to defend any suit alleging such bodily injury or property damage and seeking damages which were payable under the terms of the policy. Under the policy, persons insured with respect to the owned automobile included the named insured, Trevor Pearce, any resident of the same household and "any other person using such automobile with the permission of the named insured * * *."

Condition 14 of the policy, entitled "Changes," provided in part that "the terms of this policy [shall not] be waived or changed, except by endorsement issued to form a part of the policy, signed by a duly authorized representative of the company."

Several printed endorsements were attached to the policy issued to Pearce in 1974 pursuant to condition 14. Their presence was indicated in item 7 of the declarations sheet of the policy in the following manner:

"Form designations of printed endorsements attached to policy are: CE-139, CE-182, CE-90, CE-5."

The endorsement which is relevant to this appeal is the youthful-driver endorsement, form CE-90. It appeared as follows:

"YOUTHFUL DRIVER ENDORSEMENT

It is a part of the consideration of this policy that the coverages afforded herein are not in force when or if an automobile covered by this policy is being driven by any person under 25 years of age, other than the named insured and/or a member of his immediate family.

I (we) assent to the conditions of this endorsement and the terms stated herein.

X TREVOR L. PEARCE
Signature of Named Insured

All other conditions, stipulations, representations and limitations stated in the policy not in conflict herein remain the same.

Effective Date. Unless an effective date is entered below, the endorsement shall be effective as of the beginning of the policy period stated in (1) the declaration of the policy or (2) a Continuation Certificate (or Automobile Premium Notice).

Effective     APRIL 19, 1974
Issued to     Trevor Pearce
Agent         Professional Insurance Counsellors  3675-E
Policy   No. EF2-347-389   of   the   ECONOMY   FIRE   AND

CASUALTY COMPANY of Freeport, Illinois.
Expiring      APRIL 18, 1975

Rutter FU

(Signature)                    (Signature)
Vice-Pres. & Secy.             President

MAY 8 1974
Countersigned   (Signature)
Authorized Representative
CE-90 50M 12/72."

The renewal certificate issued for the period April 19, 1975, to April 19, 1976, contained the following last line:
"CE-191, CE-139, CE-182, CE-90, CE-5
ARE FORM NUMBERS OF PRINTED ENDORSEMENTS ATTACHED TO POLICY."

The first contention of defendant Schnautz is that the youthful-driver endorsement was not in force at the time of the accident. He argues that the endorsement expired by its own terms on April 18, 1975, the expiring date listed on the endorsement, and that it was not part of the policy as renewed since another endorsement was not executed in the same manner as the original. In Schnautz's view, a continuation of this endorsement beyond the expiration date listed on the endorsement form would be a change of the terms of the policy under condition 14 of the policy requiring the execution of a new endorsement. We disagree.

■■■ Defendant concedes that the youthful-driver endorsement attached to the policy issued in 1974 formed a part of the policy during the April 19, 1974, to April 19, 1975, policy period. As we have already noted, Trevor Pearce renewed this policy in April of 1975, extending it for the successive policy period during which the present accident occurred. It is the general rule that when a policy renewal is made, unless provided otherwise, the terms of the original policy become part of the renewal contract of insurance. (*Rivota v. Kaplan* (1977), 49 Ill. App. 3d 910, 364 N.E.2d 337; *Palmer v. Bull Dog Auto Insurance Association* (1920), 294 Ill. 287, 128 N.E. 499.) We cannot agree with Schnautz that there is any indication that the present endorsement was not intended to be a part of the renewal contract of insurance. To the contrary, the fact that the renewal certificate lists all of the form numbers of attached endorsements contained on the original declaration sheet indicates that the youthful-driver endorsement was in fact a term of the renewal contract of insurance.

The significance which Schnautz places upon the April 18, 1975,

expiration date typed on the endorsement is unwarranted. Every term in the original policy was subject to the same expiration date. The only significance which that date held was that if payment of the renewal premium were not made before the end of such date, the policy would have been terminated. Such contingency did not occur here since Pearce made the renewal payment before the effective date of the successive policy period. There is absolutely no indication in condition 14 that a term once changed by endorsement must be changed with each renewal of the policy. The only change necessary under the facts present here was made at the beginning of the first policy period, and the endorsement was consequently in force at the time of the accident.

■ Schnautz's second contention is that his claim against Debra Pearce based on alternative theories of negligent entrustment, independent negligence and failure to maintain proper control over Parish's actions is not barred by the youthful-driver endorsement. This contention is defeated by application of the well-settled rule that where the language of a policy is clear and unambiguous, it must be taken in its plain, ordinary and popular sense (*Tuthill v. State Farm Insurance Co.* (1974), 19 Ill. App. 3d 491, 311 N.E.2d 770; *Hartford Accident & Indemnity Co. v. Case Foundation Co.* (1973), 10 Ill. App. 3d 115, 294 N.E.2d 7). The endorsement provided that "the coverages afforded here are not in force when * * * an automobile covered by this policy is being driven by any person under 25 years of age, other than the named insured and/or a member of his immediate family." The plain import of this language is that no coverage is afforded to any insured, and not just the driver, when the car is being operated contrary to the terms of the endorsement. Neither Parish nor Debra Pearce had any insurance coverage under the policy of insurance upon which this action is based. A similar conclusion was reached in *Meyer v. Aetna Casualty Insurance Co.* (1964), 46 Ill. App. 2d 184, 196 N.E.2d 707, with respect to a restrictive endorsement explicitly excluding coverage to accidents or losses occurring while an insured automobile was being driven by the named insured's son.

Schnautz's third contention is that Economy's youthful-driver endorsement is void as against public policy. His argument in this regard is not entirely clear. He first suggests that there is no "uniform rule in American jurisdictions on the validity of 'youthful driver endorsements.'" This argument, however, is less than persuasive since Illinois courts have repeatedly upheld restrictive endorsements limiting the scope of the term "insured" under insurance policies (see, *e.g.*, *Mid-Century Insurance Co. v. Safeco Insurance Co. of America* (1972), 7 Ill. App. 3d 408, 287 N.E.2d 529; *Porterfield v. Truck Insurance Exchange* (1960), 28 Ill. App. 2d 195, 171 N.E.2d 108; *Meyer v. Aetna Casualty Insurance Co.*), and specifically upheld a restriction which excluded coverage when the insured

automobile was driven by a male under the age of 25 (*Allison v. Beechy* (1972), 4 Ill. App. 3d 1096, 282 N.E.2d 487 (abstract)).

■ Schnautz next suggests that such statutory disapproval may be found in the recent series of cases culminating in the decision of *Western States Mutual Insurance Co. v. Verucchi* (1977), 66 Ill. 2d 527, 363 N.E.2d 826. We cannot agree. In *Verucchi* and the previous cases of *United States Fidelity & Guaranty Co. v. McManus* (1976), 64 Ill. 2d 239, 356 N.E.2d 78, and *Maryland Casualty Co. v. Iowa National Mutual Insurance Co.* (1973), 54 Ill. 2d 333, 297 N.E.2d 163, our supreme court only decided what construction with respect to drivers other than the first permittee should be placed upon clauses similar to that in the present policy which define an insured as "any other person using such automobile with the permission of the named insured * * *." None of these cases involved a restrictive endorsement, such as we have here, narrowing the scope of the permittee or "omnibus" clause, and, because of this fact, the opinions in these cases have absolutely no bearing upon the present case and certainly do not stand for the proposition that the present endorsement is contrary to public policy. Under these circumstances, we must enforce the insurance contract as written, including the youthful-driver endorsement.

Schnautz's final contention is that the trial court abused its discretion in denying his motions to amend his answer and to conduct additional discovery. Schnautz's proposed amendment contained an affirmative defense based on an assertion that Economy's issuance of the youthful-driver endorsement was violative of Rule 9.21 of the Illinois Departmental Regulations of the State Director of Insurance. Rule 9.21 provides in part:

> "On or after June 1, 1972, no automobile insurance policy issued or renewed in this State shall contain a provision excluding a class of persons solely as a consideration of the rate class applied thereto. Furthermore, no company shall include such a provision in any automobile insurance policy unless the insured, because of unusual hazards or exposures, would not otherwise meet the company's normal underwriting standards for acceptance."

The theory of Schnautz's proposed amendment was that Economy's manner of utilization of the youthful-driver endorsement violated the intent and purpose of Rule 9.21. He alleged that further discovery would reveal that Economy required the execution of the youthful-driver endorsement whenever there is a named insured or a member of his immediate family under the age of 25 and would refuse to write the coverage if the named insured failed to accept the endorsement.

■ It is well established that the trial court has broad discretion on motions to amend pleadings prior to entry of final judgment, and the denial of a motion to amend will not be regarded as error unless there is a

manifest abuse of such discretion. (*Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 335 N.E.2d 10; see also *City of Des Plaines v. Pollution Control Board* (1978), 60 Ill. App. 3d 995, 377 N.E.2d 114.) The test to be applied in determining whether discretion with respect to allowance of amendments to pleadings was properly exercised is whether it furthers the ends of justice, and, in such regard, the court may properly consider the ultimate efficacy of a claim in passing on a motion to amend. (*Sapp v. Johnston* (1973), 15 Ill. App. 3d 119, 303 N.E.2d 429.) Under the circumstances of this case we cannot find that the trial court abused its discretion in denying Schnautz's proposed amendment. First, the proposed amendment which would have required extensive additional discovery was sought late in the trial proceedings, shortly before entry of the final judgment. And second, and more important, the ultimate efficacy of defendant's claim was seriously in question. Schnautz conceded in the motion to amend and supporting materials that the endorsement was not bad on its face and had not been found in violation of the rule by the Illinois Department of Insurance. Moreover, if Economy's practice with respect to this endorsement is as alleged by Schnautz, the inclusion of the endorsement would be validated under the exception contained in the rule itself. If Economy in fact will not write policies on any insured with a youthful driver in his family on terms other than those in the present policy, it is apparent that "the insured, because of unusual hazards or exposures, would not otherwise meet the company's normal underwriting standards for acceptance."

Affirmed.

KUNCE, J., concurs.

Mr. JUSTICE HARRISON, dissenting:
I believe the majority is seriously mistaken.

The majority suggests that since Trevor Pearce renewed the insurance policy in April, 1975, *ipso facto* the youthful-driver endorsement was renewed as part of the policy. In support of this position, the majority points out that the renewal certificate contained the form number of the endorsement in question. They conclude, therefore, that there is nothing to indicate that the endorsement was not intended to be a part of the renewed policy. This is simply not true.

The majority sets forth condition 14 of the policy and then ignores its plain language in order to reach the result which it does. That section of the contract mandates that the terms of the policy cannot be changed or waived "except by endorsement issued to form a part of this policy * * *." The youthful-driver endorsement, Form CE-90, was signed by Trevor L. Pearce, co-signed by an authorized representative of Economy,

and made effective April 19, 1974. The expiring date was listed as April 18, 1975. Therefore, the endorsement was an effective part of the policy only until April 18, 1975.

The majority denies that the April 18, 1975, date has any importance with respect to the duration of the endorsement. However, this date must be read in light of the following language contained in the endorsement:

> "Effective Date. *Unless* an effective date is entered below, the endorsement shall be effective as of the beginning of the policy period stated in (1) the declaration of the policy or (2) a Continuation Certificate (or Automobile Premium Notice)." (Emphasis added.)

Since an effective date was entered on the endorsement as well as an expiring one, the language of the endorsement itself precludes the effective date from beginning on the policy period of a renewal certificate. This clear and unambiguous language cannot be read out of the endorsement. The majority simply avoids it. However, it is clear that in order for the endorsement to "form a part of this [renewed] policy," in accordance with condition 14 and the aforesaid "Effective Date" clause of the endorsement, it had to be re-executed.

The majority cites "the general rule that when a policy renewal is made, *unless provided otherwise,* the terms of the original policy become part of the renewal contract of insurance." (Emphasis added.) It cites two cases for this proposition. One is *Palmer v. Bull Dog Auto Insurance Association* (1920), 294 Ill. 287. That case involved an application for new insurance and is inapposite here. The other is *Rivota v. Kaplan* (1977), 49 Ill. App. 3d 910, 364 N.E.2d 337. After the First District cited the aforesaid general rule, it went on to distinguish it on facts very close to those here. In that case, a similar endorsement was neither re-executed nor were copies attached to the subsequent renewal policies. The court considered a policy condition almost identical to condition 14 of the policy before us and concluded:

> "Such language is unambiguous, and applying its ordinary meaning leads us to conclude that the exclusion endorsement was not one of the terms of the insurance policy in effect when the accident occurred. It was not written into the policy, nor was it attached as an endorsement." (49 Ill. App. 3d 910, 918.)

Given this holding, the majority's reliance on this case is evidence of the weakness of its position.

Notwithstanding the clarity of the contract language embodied in condition 14 and the youthful-driver endorsement, I am further compelled to find that the endorsement did not form a part of the renewed policy because it was not clear that the reference to "CE-90" contained on the certificate referred to the youthful-driver endorsement,

and Trevor Pearce denies that he either received or accepted the renewal certificate prior to April 17, 1975. The bottom line of the renewal certificate simply read:

"CE-191 CE-139 CE-182 CE-90 CE-5 ARE FORM NUMBERS OF PRINTED ENDORSEMENTS ATTACHED TO POLICY."

On the bottom left-hand corner of the youthful-driver endorsement appeared the following: "CE-90 50M 12/72." These hieroglyphics are so cryptic, in my opinion, to the average insurance consumer that it cannot be said that Trevor Pearce could have understood their meaning or importance without the endorsement being attached to the certificate.

"Insurance policies should be construed strongly against the draftsman and any exceptions to the general area of protection must be stated in such language and bold type as to warrant the conclusion that the insured must have understood and accepted them. Forest City Ins. Co. v. Hardesty, 182 Ill. 39, 55 NE 139; McAllister v. Hawkeye-Security Ins. Co., 68 Ill App2d 222, 215 NE2d 477; Maretti v. Midland Nat. Ins. Co., 42 Ill App2d 17, 190 NE2d 597." (*Michigan Mutual Liability Co. v. Hoover Bros.* (1968), 96 Ill. App. 2d 238, 246, 237 N.E.2d 754.)

The facts in this case preclude a finding that Trevor Pearce comprehended and accepted a continuation of the endorsement, especially since he contends he never received the renewal certificate.

Even if he had received the certificate, the sole reference to a "CE-90" endorsement is ambiguous and equivocal. That being the case, "the construction most strongly against the insurer would be imposed * * *" (*Lumbermen's Mutual Casualty Co. v. Norris* (1973), 15 Ill. App. 3d 95, 98, 303 N.E.2d 504), and exclusions from coverage would be construed narrowly (*Grahame v. Mitchell* (1975), 28 Ill. App. 3d 334, 341, 329 N.E.2d 17). This is because the insurance company wrote the policy, and in cases such as the present one, the company seeks a declaration based on its interpretation of the policy. After all, the company argues, it wrote the contract, so surely it knows what the terms mean. Even if Mr. Pearce had received and looked at the renewal policy and understood the reference to "CE-90" and reviewed the youthful-driver endorsement, he would have seen that it would have expired on April 18, 1975.

For all the foregoing reasons, the holding of the majority contravenes the long-standing "judicial policy favoring a liberal interpretation of insurance coverage * * * aimed to assure the compensation of victims of injuries which result from traffic or automobile accidents." (*Thomas v. Aetna Casualty & Surety Co.* (1975), 28 Ill. App. 3d 363, 365-66, 328 N.E.2d 374; *Rivota v. Kaplan* (1977), 49 Ill. App. 3d 910, 918.) Therefore, I would reverse the judgment of the circuit court of Richland County.