PEKIN INSURANCE COMPANY, Plaintiff-Appellee, v. RICHARD MARKER ASSOCIATES, INC., *et al.*, Defendants-Appellants (Leon Yuan *et al.*, Defendants).

Second District    No. 2—96—0624

Opinion filed June 30, 1997.—Rehearing denied August 5, 1997.

Keith E. Roberts, Sr., Robert M. Skutt, and Rosemarie Calandra, all of Donovan & Roberts, P.C., of Wheaton, and Mark Manetti, of Manetti & Griffith, Ltd., of Oak Brook, for appellants.

Robert Marc Chemers and John M. McGregor, both of Pretzel & Stouffer, Chartered, of Chicago, for appellee.

JUSTICE COLWELL delivered the opinion of the court:
Defendants, Richard Marker Associates, Inc., and Richard

Marker, appeal the trial court's entry of judgment on the pleadings for plaintiff, Pekin Insurance Company, in its action for a declaration that it had no duty to defend defendants in an action by Leon Yuan, Angela Yuan, and Leon Yuan, Ph.D., D.D.S. Ltd. (Yuans). The sole issue for review is whether the trial court erred in finding that plaintiff had no duty to defend its insured when the underlying complaint alleged damage to other property.

Plaintiff filed a complaint seeking a declaration that it had no duty to defend defendants in the underlying suit. The Yuans' fourth amended complaint alleged that the Yuans hired defendants to construct a new building to contain the Yuans' residence and dental offices and laboratory. In count I, for breach of the architectural services agreement, the Yuans also alleged that defendants' failure to design proper location and insulation of plumbing pipes and failure to insulate exterior facing areas caused the water pipes to burst, which resulted in significant property damage to "carpeting, drywall, antique furniture, clothing, personal mementoes and pictures." In count II, for breach of the construction contract, the Yuans alleged that the HVAC system did not operate properly in that condensation in the atrium caused extensive water damage to window trim, furniture, carpeting, flooring, and walls. Counts V and VI alleged fraud. The remaining counts were dismissed.

Plaintiff alleged that there was no coverage for any of the allegations in the Yuans' complaint because the fraud counts alleged intentional acts, which are excluded from coverage, and the breach of contract and breach of architectural services agreement counts failed to allege a covered "occurrence" as defined in the Pekin insurance policy. The policy provided that plaintiff would pay for damages because of bodily injury or property damage that was caused by an "occurrence." It excluded property damage to "[t]hat particular part of any property that must be restored, repaired or replaced because [the insured's work] was incorrectly performed on it," and to the insured's "product." An "occurrence" was defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policy defined "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property; or [l]oss of use of tangible property that is not physically injured." The insurance did not apply to property damage that was "expected or intended from the standpoint of the insured."

Plaintiff therefore sought a declaration that the insurance did not apply to the underlying complaint and that plaintiff had no duty to defend defendants in the Yuans' suit. Defendants filed an answer denying the material allegations of the complaint.

Plaintiff moved for judgment on the pleadings. Plaintiff argued that the Yuans' complaint failed to allege that they suffered an "accident" so that there was no "occurrence" that would trigger plaintiff's duty to defend. According to plaintiff, the Yuans merely alleged that they were victims of poor workmanship.

Defendants responded that the Yuans' complaint alleged property damage caused by condensation in the atrium. According to defendants, this constituted an "accident" within the meaning of the policy. Plaintiff countered that defendants focused on the "incidental allegations" of personal property damage rather than on what caused the damage, defendants' allegedly unworkmanlike construction.

The trial court found that the situation was similar to that in *Indiana Insurance Co. v. Hydra Corp.*, 245 Ill. App. 3d 926 (1993), and it noted that, even though there were allegations of damage to personal property, the damages resulted from a breach of contract and, as such, were not covered under the policy. The court therefore granted plaintiff judgment on the pleadings. Defendants timely appealed.

■ Judgment on the pleadings is proper if there are no factual questions and the only dispute concerns questions of law. *Granville National Bank v. Alleman*, 237 Ill. App. 3d 890, 894 (1992). In reviewing the entry of judgment on the pleadings, we must determine whether, if no genuine issue of material fact exists, the prevailing party was entitled to judgment as a matter of law. *Millers Mutual Insurance Ass'n v. Graham Oil Co.*, 282 Ill. App. 3d 129, 134 (1996). Here, there are no factual disputes, so our review is limited to the interpretation of the pleadings and the insurance policy.

●2 An insurer's duty to defend its insured is determined by comparing the allegations of the underlying complaint with the relevant provisions of the insurance policy. *Dixon Distributing Co. v. Hanover Insurance Co.*, 161 Ill. 2d 433, 438 (1994). If the underlying complaint alleges facts within or potentially within the coverage, the insurer has a duty to defend the insured. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73 (1991). The duty to defend is broader than the duty to indemnify. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 393-94 (1993). The allegations of the underlying complaint must be liberally construed in favor of the insured (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 125 (1992)), and any doubt about coverage should be resolved in favor of the insured (*Western Casualty & Surety Co. v. Adams County*, 179 Ill. App. 3d 752, 757 (1989)). If recovery is premised on several theories of liability, some of which are excluded from coverage, the insurer is still obligated to defend as long as one theory might possibly fall within the scope of the policy coverage. *Maryland Casualty Co. v. Peppers*, 64 Ill. 2d 187, 194 (1976).

■ The type of policy here is a comprehensive general liability (CGL) policy. Such policies are intended to provide coverage for injury or damage to the person or property of others; they are not intended to pay the costs associated with repairing or replacing the insured's defective work and products, which are purely economic losses. *Western Casualty & Surety Co. v. Brochu*, 105 Ill. 2d 486, 496 (1985). Consequently, when the underlying complaint alleges only damage to the structure itself, courts have found that there was no coverage.

For example, in *Hydra Corp.*, on which the trial court relied, the underlying complaint for breach of contract sought damages for cracks in the concrete floor of the building and for the unsightly appearance of the building's exterior, due to loose paint. The court there ruled that the underlying complaint did not allege an occurrence as required by the insurance policy. *Hydra Corp.*, 245 Ill. App. 3d at 929.

Similarly, in *Monticello Insurance Co. v. Wil-Freds Construction, Inc.*, 277 Ill. App. 3d 697 (1996), the underlying complaint sought damages for construction defects. The court ruled that the underlying complaint failed to allege an accident, as a defective structure is the natural and ordinary consequence of faulty workmanship. *Wil-Freds*, 277 Ill. App. 3d at 703-04. As the court noted, the underlying complaint did not include a claim for damage to other property. However, if the underlying plaintiff "had sued Wil-Freds for the water damage suffered by cars in the parking garage, or a pedestrian sued Wil-Freds for an injury caused by falling concrete, there can be little doubt that [the insurer] would be required to defend Wil-Freds under the CGL policy, because there would have been 'negligent manufacture that results in "an occurrence." ' [Citation.]" *Wil-Freds*, 277 Ill. App. 3d at 705. Because the underlying complaint only alleged property damage to the project itself, there was only an occurrence of negligent manufacture, so that no coverage existed. *Wil-Freds*, 277 Ill. App. 3d at 705-06.

Both *Wil-Freds* and *Hydra Corp.* are distinguishable from the present cause as the complaint in each of those cases did not allege damage to other property, only to the building itself, so that there was no "accident" or "occurrence." This cause is more like *Trovillion v. United States Fidelity & Guaranty Co.*, 130 Ill. App. 3d 694 (1985), *overruled on other grounds by Bonnie Owen Realty, Inc. v. Cincinnati Insurance Co.*, 283 Ill. App. 3d 812, 820 (1996), in which the underlying complaint alleged not only damage to the building from faulty workmanship, but also encompassed damage to other materials not furnished by the insured. The court noted that the insurer conceded that it would be required to defend if the underlying complaint al-

leged that other tangible property was damaged. The court could not conclude that such a claim was not potentially asserted under the damage allegations of the underlying complaint. *Trovillion*, 130 Ill. App. 3d at 699. The court reversed the judgment for the insurer, finding that damage to other tangible property could be covered by the policy. *Trovillion*, 130 Ill. App. 3d at 699-700.

In *Ohio Casualty Insurance Co. v. Bazzi Construction Co.*, 815 F.2d 1146 (7th Cir. 1987), the owner of a garage sued the insured for damages caused by steel joists which were used in remodeling the garage. The joists started to buckle during the pouring of the concrete floor, compromising the structural integrity of the entire building. The insurer argued that it had no duty to defend because the underlying action sought recovery not for property damage but for economic losses, which were not covered. The court found distinguishable the cases relying on the general rule that there is no coverage for damage to and defects in the insured's own work. Instead, the court relied on the Illinois Supreme Court's statement in *Brochu* that " '[d]amage to property *other than the insured's own work or product*, arising from breach of a warranty that work will be done in a workmanlike manner, is expressly not excluded.' " (Emphasis in original.) *Ohio Casualty Co.*, 815 F.2d at 1148, quoting *Brochu*, 105 Ill. 2d at 498.

■ A CGL policy " 'does not cover an accident of faulty workmanship but rather faulty workmanship which causes an accident.' " *Brochu*, 105 Ill. 2d at 498, quoting *Weedo v. Stone-E-Brick, Inc.*, 81 N.J. 233, 239-40, 405 A.2d 788, 796 (1979). That is what the Yuans' complaint alleged: that faulty workmanship caused an accident in the form of continuous or repeated condensation, which dripped and damaged furniture. This is more than an allegation that the building itself was defective. Although not mentioned by the parties, we also note that the Yuans' complaint alleged that they sustained damage to furniture, clothing, and antiques when uninsulated pipes froze and burst. This allegation also falls within the meaning of an accident and an occurrence. As such, the allegations of the underlying complaint potentially fall within the policy coverage so that plaintiff has a duty to defend defendants in the Yuans' suit. We therefore reverse the judgment of the circuit court.

The judgment of the circuit court of Du Page County is reversed.

Reversed.

BOWMAN and DOYLE, JJ., concur.