**ESSEX INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**KASTEN RAILCAR SERVICES, INC., and Robert R. Riley, Defendants–Appellants.**

No. 97–1760.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 23, 1997.

Decided Nov. 19, 1997.

Beth K. Veath, Steven D. Asher (argued), John McMullen, Brown & James, St. Louis, MO, for Plaintiff–Appellee.

Charles W. King, Edwardsville, IL, for Kasten Railcar Services, Inc.

Richard F. Sharrard (argued), Blunt & Schum, Edwardsville, IL, for Robert R. Riley.

Before POSNER, Chief Judge, and RIPPLE and EVANS, Circuit Judges.

POSNER, Chief Judge.

A guard dog owned by defendant Kasten Railcar Services bit defendant Riley, resulting in a claim by Riley against Kasten that the latter asked its liability insurer, the plaintiff in this case, to cover. The insurer refused, pointing to the "canine exclusion" in the policy, and brought this suit (a diversity suit, governed by Illinois law) for a declaratory judgment of no coverage. The district judge thought the policy ambiguous, and submitted the case to a jury, which found for the insurance company.

Riley had obtained a substantial judgment against Kasten for the injury caused by the dog. Kasten is a small company, was in Chapter 11 for a time (may still be—the record is silent on the matter), and apparently is unable to pay the judgment out of its own pocket, so Riley has joined Kasten in appealing; as a matter of fact, Kasten has not filed a separate brief, but instead has adopted Riley's. Riley claims that there is coverage as a matter of law, and that in any event the insurance company should be estopped to deny coverage by its refusal to defend Kasten against Riley's claim. Although Riley is not a party to the contract of insurance, he was a proper party defendant in the district court and has standing to appeal. *Truck Ins. Exchange v. Ashland Oil, Inc.*, 951 F.2d 787, 789 (7th Cir.1992); *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 680 (7th Cir.1992); see also *Society of Mt. Carmel v. National Ben Franklin Ins. Co.*, 268 Ill.App.3d 655, 205 Ill.Dec. 673, 678, 643 N.E.2d 1280, 1285 (1994); *Flashner Medical Partnership v. Marketing Management, Inc.*, 189 Ill.App.3d 45, 136 Ill.Dec. 653, 659, 545 N.E.2d 177, 183 (1989).

The appeal presents a question of general importance: in what circumstances does a renewal policy carry forward the exclusions in the original policy? The original policy was issued in 1987 and contains a clause identified by number ("Endorsement ESX–7") which states that the policy "excludes liability coverage arising from the ownership or use of dogs unless specifically endorsed hereon"—and there is no specific endorsement. The policy expired after a year, and the insurance company issued the defendant a "renewal certificate" which states that the policy is being renewed "subject to the terms and conditions thereof, except as hereinafter provided." By "thereof," the renewal certificate obviously is referring to the original policy; and nothing in or attached to the certificate purports to alter coverage. The policy was renewed from year to year in the same manner and with the same language, except that each certificate made one or more changes in coverage or cost—but none relating to the canine exclusion. The accident occurred in 1991, during the fourth one-year renewal period.

Riley argues that to be effective during the renewal period an exclusion in the original policy must appear in the renewal certificate or, at the very least, must be incorporated by

explicit reference to the name or number of the exclusion. Otherwise, he argues, the insured may be confused about the scope of his coverage. We do not understand why it is any clearer to repeat the exclusions than to state, as each of the renewal certificates does, that except as changed in the renewal certificate the policy coverage is the same as it was in the just-expired policy, the one superseded by the renewal. The rule for which the defendants contend would actually be a trap for many insureds. They would find themselves paying for coverage they did not want and thought they did not have, because under the defendants' approach the renewal automatically shucks off the exclusions in the original policy.

The defendants argue that whether it is a good rule or a bad rule, it is the rule that the courts of Illinois adopted in *Rivota v. Kaplan*, 49 Ill.App.3d 910, 7 Ill.Dec. 176, 182–84, 364 N.E.2d 337, 342–44 (1977). But, in the first place, *Rivota* is a decision by one division of Illinois's intermediate, not highest, appellate court, and, in the second place, it acknowledges the general rule that, "unless provided otherwise, the terms of the original policy become part of the renewal contract of insurance." *Id.*, 7 Ill.Dec. at 183, 364 N.E.2d at 344. That is the insurance company's position in this case. The court in *Rivota* declined to apply the general rule only because the renewal policy contained language that seemed to wipe out the exclusions in the original policy. There is nothing comparable here. In *Economy Fire & Casualty Co. v. Pearce*, 79 Ill.App.3d 559, 35 Ill.Dec. 317, 319–20, 399 N.E.2d 151, 153–54 (1979), the fact that the renewal policy did refer to the original exclusions by number was the nail in the insured's coffin, but the opinion does not suggest that the reference was essential. See also *Dungey v. Haines & Britton, Ltd.*, 155 Ill.2d 329, 185 Ill.Dec. 520, 524–25, 614 N.E.2d 1205, 1208–09 (1993). We cannot find a case, either in Illinois or elsewhere, that supports the rule for which the defendants contend.

After the accident the insurance company issued a "missing" endorsement to Kasten's policy stating that the canine exclusion applies. There is no argument that the insurance company was trying to deceive Kasten or if it was that any harm to Kasten resulted.

It was a pointless act on the part of the insurance company, a feeble and gratuitous effort to strengthen its already impregnable litigating position, and all it did was persuade the district judge to have a trial. Well, says Riley, if the meaning of the insurance policy was sufficiently in doubt to warrant a trial, it must have been sufficiently in doubt to trigger the insurance company's duty to defend, see *USF & G v. Wilkin Insulation Co.*, 144 Ill.2d 64, 161 Ill.Dec. 280, 284, 578 N.E.2d 926, 930 (1991); *Travelers Ins. Co. v. Freightliner Corp.*, 256 Ill.App.3d 1049, 194 Ill.Dec. 828, 831, 628 N.E.2d 325, 328 (1993); *Indiana Ins. Co. v. Hydra Corp.*, 245 Ill.App.3d 926, 185 Ill.Dec. 775, 777, 615 N.E.2d 70, 72 (1993), which is broader than the duty to indemnify. *State Farm Fire & Casualty Co. v. Leverton*, 289 Ill.App.3d 855, 225 Ill.Dec. 308, 683 N.E.2d 476, 479 (1997); *Pekin Ins. Co. v. Richard Marker Associates, Inc.*, 289 Ill.App.3d 819, 224 Ill.Dec. 801, 682 N.E.2d 362, 364 (1997); *Jandrisits v. Village of River Grove*, 283 Ill.App.3d 152, 218 Ill.Dec. 640, 669 N.E.2d 1166, 1170 (1996). But the judge erred in ordering a trial. The insurance policy was unambiguous; it was not made ambiguous by the insurance company's mistaken effort to create a helpful paper trail. The trial gave the defendants a second chance to which they were not entitled, so clear was the contract against them.

AFFIRMED.