680 So.2d 81 (1996)
Lee PEYTON
v.
Mohannad BSEIS, Rami Cabs, Inc., Patco Assurance Company and Prudential Property and Casualty Insurance Company.
No. 96-CA-0309.
Court of Appeal of Louisiana, Fourth Circuit.
August 21, 1996.
*82 Bernard J. Rice III, Gretna, for Plaintiff/Appellant.
McNeil J. Kemmerly, Law Offices of Paul Eckert, Metairie, for Defendant/Appellee.
Before CIACCIO, ARMSTRONG and LANDRIEU, JJ.
PER CURIAM.
This is an appeal of a summary judgment rendered against the plaintiff, Lee Peyton, in a suit for damages against his uninsured motorist insurer, the defendant, Prudential Property and Casualty Insurance Company ("Prudential"). Finding no error in the judgment of the trial court, we now affirm.
Lee Peyton, the plaintiff, is a police officer for the City of New Orleans. On April 9, 1994, while on duty and while driving a 1991 Ford Taurus owned by the New Orleans Police Department (NOPD), the plaintiff was involved in a collision with a 1983 Oldsmobile owned by Rami Cabs, Inc. He sustained a back injury in the crash, and later filed suit against the following defendants: Mohannad Bseis, the driver of the car; Bseis' employer, Rami Cabs; Patco Assurance Company, the insurer of the Rami vehicle; and Prudential, the uninsured motorists carrier for the plaintiff's private automobile.
The Rami vehicle was insured with a liability limit of $25,000.00. The plaintiff contended that the Rami vehicle was uninsured and/or underinsured. The plaintiff settled his claim against the liability carrier, Patco. The coverage limits of the uninsured motorists (UM) carrier were $50,000.00. Prudential, the plaintiff's UM carrier, filed a motion for summary judgment contending that there was no UM coverage pursuant to an exclusion in the plaintiff's policy. The trial court agreed and granted the motion for summary judgment, dismissing the plaintiff's suit. The plaintiff now appeals.
A party's motion for summary judgment must be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine *83 issues of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966(B).[1] Any doubt as to whether there is a triable issue of fact should be resolved against the moving party. Lemoine v. Herrmann, 559 So.2d 898 (La.App. 4th Cir.1990), writ denied, 563 So.2d 1159 (La.1990). A dispute as to whether an insurance policy provides or precludes coverage to a party involves questions of law that "can be properly resolved within the framework of a motion for summary judgment." Garcia v. Certified Lloyds Ins. Co., 598 So.2d 1278, 1280 (La.App. 4th Cir.1992), writ denied, 604 So.2d 969 (La.1992); Zanca v. Breaux, 590 So.2d 821 (La.App. 4th Cir.1991).
The plaintiff cites two arguments explaining why the trial court erred in granting the summary judgment motion. He contends that the exclusionary language in the policy is vague and ambiguous and should not be used to defeat coverage. He also argues that he did not have regular use of the NOPD vehicle so as to preclude coverage under the policy and further that this is a factual question which could not be disposed of on a motion for summary judgment.
The policy provision in question is contained in Part 4 of the Prudential policy under the heading "Uninsured Motorists". Two subheadings are cited by the plaintiff as being ambiguous:

WHAT CARS ARE COVERED (PART 4)
OTHER NON-OWNED CARS
In addition to SUBSTITUTE CARS, we will cover a non-owned car. The owner must give permission to use it. The non-owned car must be used in the way intended by the owner. This includes a rented car for a period of up to 30 consecutive days. The non-owned car has the same coverage as any one of your cars insured with us.

LOSSES WE WILL NOT PAY FOR (PART 4)

REGULARLY USED NON-OWNED CARS
We will not pay for bodily injury or property damage for you or a household resident using a non-owned car not insured under this part, regularly used by you or a household resident.
As we appreciate the plaintiff's argument, his use of the police car was with the permission of the owner and in the manner intended by the owner, and thus coverage is provided. In plaintiff's interpretation, the only cars that would be excluded would be "regularly used" cars used without permission of the owner or not used in the way intended by the owner. The plaintiff further contends that this interpretation, which affords coverage, is in conflict with the provisions in Part 4, thus creating an ambiguity in the policy.
The Prudential policy in question is divided into four main parts containing the following subject areas: Part ILiability coverage provisions; Part 2Medical Payments; Part 3Collision and Comprehensive; Part 4Uninsured/Underinsured Motorists Provisions. These parts are further subdivided into sections with headings and subheadings. Each of the above parts contains a heading entitled "Who is Insured" and "Losses We Will Not Pay For". Appearing under those respective headings in each part are the subheadings, "Other Non-owned Cars" and "Regularly Used Non-Owned Cars."
It seems to us that appellant is attempting to create an ambiguity where there is none. The insurer is obviously limiting its liability only to cars which have uninsured motorists coverage by the use of the phrase "a non-owned car not insured under this part" (the term "part" referring to Part 4 of the policy which covers uninsured motorists' coverage). Likewise, the insurer is further limiting its liability by providing coverage for otherwise qualified vehicles that are "regularly used by you or a household resident". In the interpretation offered by appellant to support his contention of ambiguity, he seems to have disregarded this phrase. It is wholly permissible for insurers to limit their liability, so long as the limitations are not in conflict with statutory provisions or public policy and so long as the limitations are unambiguous and easily understandable. *84 Perault v. Time Insurance Company, 633 So.2d 263, 266 (La.App. 1st Cir.1993), writs denied, 93-3133, 93-3156 (La. 2/11/94) 634 So.2d 833, 834.
The rules established for the construction of contracts in general apply to the construction of insurance policies. Lemoine v. Herrmann, supra. Insurance policies are construed as a whole, using the plain, ordinary and popular sense of language. Perault v. Time Insurance Company, supra. Doubtful or ambiguous clauses or provisions must be construed in favor of the insured and against the insurer, but courts should not pervert language or create ambiguity where is none. Cambre v. Travelers Indemnity Company, 404 So.2d 511 (La.App. 4th Cir. 1981), writ denied, 410 So.2d 761 (La.1982).
We find no ambiguity in the policy provision at issue. Read as a whole, the Prudential policy provides UM coverage to the plaintiff and any resident relatives while they are operating the family vehicle listed on the declarations page of the policy. Additionally, UM coverage is available while operating replacement cars, additional cars, substitute cars and non-owned cars, provided that they are not excluded under the "Losses We Will Not Pay For" section of the policy.
The plaintiff also contends that coverage is not excluded under the "regular use" provision of the policy. He contends that he did not have "regular use" of the car involved in the accident because it was not permanently assigned to him. According to his affidavit, a NOPD vehicle was available for his use and he was allowed to drive a vehicle to his home overnight. In other words, this particular car was one of a "pool" of cars available to the plaintiff. The courts have had little difficulty in finding that the regular availability of a motor pool car for unlimited and unrestricted use qualifies as "regular use". Nevels v. Hendrix, 367 So.2d 33, 35 (La.App. 4th Cir.1978).
The policy language at issue in the instant case is almost identical to that in Kerner v. Laballe, 560 So.2d 571 (La.App. 5th Cir. 1990)[2]. Kerner, the plaintiff in that case, was a tax collector for the Jefferson Parish Sheriff's Office who was injured while driving a car owned by the Sheriff's Office. Kerner brought suit under the UM provisions of the Prudential policy that he maintained on his private vehicle. Prudential filed a motion for summary judgment contending that under the specific policy exclusion, there was no UM coverage because the sheriff-owned vehicle that Kerner was operating at the time of the accident was assigned to him for his regular and job-related use. The court agreed with Prudential, finding that the exclusionary provision was not repugnant to public policy. In employment situations, the family automobile policy is not designed to cover an employer's vehicle regularly used by the employee for employment purposes (the employer should cover these risks), or an employer's vehicle regularly used by the employee for personal purposes (the employee should cover these risks at an additional premium if the employer does not cover them). See Nevels v. Hendrix, supra. The plaintiff in the case at bar seeks to establish in his affidavit that he did not have regular use of this particular NOPD vehicle which was involved in the accident. Thus he cites various facts to demonstrate that other persons could use this particular vehicle without his permission, and that he did not use this particular vehicle more than any other vehicle in the NOPD fleet. In other words, it was not his "company car". It is clear however, that he had access to a motor pool and that he regularly used one of the pool vehicles in his work. Thus the same reasoning underlying the "furnished for regular use" policy exclusion would apply. We agree with the trial court that there was no UM coverage in this case because of a valid policy exclusion.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] The 1996 amendments to La.C.C.P. art. 966 do not affect this appeal.
[2] LOSSES WE WILL NOT PAY FOR (PART IV) [UNINSURED-UNDERINSURED MOTORIST COVERAGE] REGULARLY USED NON-OWNED CARS

We will not pay for bodily injury to you or a household relative using a non-owned car not insured under this part, regularly used by you or a household resident.