PEKIN INSURANCE COMPANY, Plaintiff-Appellant and Cross-Appellee, v. ROSS WILLETT, d/b/a Personal Touch Pool Service, Inc., Defendant-Appellee and Cross-Appellant (Robert Simmons, Defendant-Appellee).

Second District   No. 2—98—0248

Opinion filed December 28, 1998.

Robert Marc Chemers and Andrew G. Witik, both of Pretzel & Stouffer, Chartered, of Chicago, for appellant.

Peter R. Coladarci, of Chicago, for appellee Ross Willett.

David A. Decker, of Decker & Linn, Ltd., of Waukegan, for appellee Robert Simmons.

JUSTICE McLAREN delivered the opinion of the court:

The plaintiff, Pekin Insurance Company (Pekin), appeals the granting of summary judgment in favor of the defendants, Ross Willett, doing business as Personal Touch Pool Service, Inc. (Willett), and Robert Simmons (Simmons), and the denial of the plaintiff's motion for judgment on the pleadings in a declaratory judgment action. Further, Willett cross-appeals the denial of his motion for attorney fees. Willett has also filed a motion for attorney fees incurred on appeal. We took this motion with the case. We reverse in part, affirm in part, and deny Willett's motion.

The following facts are taken from the pleadings. On May 1, 1996, Willett entered into a contract with Simmons to service, paint, clean, and prepare for summer use the in-ground swimming pool at Simmons's home. The agreement provided that Willett was to empty the pool, paint it, and fill it with water and the requisite chemicals so that it was ready for use. After Willett painted the pool and before he filled the pool with water, a heavy rainstorm caused the pool to push up out of the ground.

On May 16, 1997, Simmons filed a two-count complaint against Willett alleging negligence and breach of contract. The complaint alleged that Willett was negligent in the performance of painting and maintenance work on Simmons's swimming pool in that Willett either failed to understand and recognize the dangers associated with allowing the pool to remain empty for a significant period of time and take appropriate precautionary measures to prevent damage to the structure and/or failed to fill the pool at the earliest opportunity. The complaint also alleged that, as a result of Willett's failure to timely fulfill his painting and maintenance contract and protect the swimming pool during the work performed on it, the empty pool was severely damaged when it was pushed out of the ground on May 20, 1996.

Willett tendered his defense to Pekin under a commercial general liability insurance policy issued by Pekin to Willett. The insurance policy provided coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' " caused by an "occurrence." An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general conditions." Pekin denied coverage and filed a complaint for declaratory judgment against Willett and Simmons. Pekin denied coverage based on two exclusions contained in the policy.

On November 25, 1997, Willett filed an answer to Pekin's complaint for declaratory judgment and a motion for summary judgment and attorney fees. In the answer and motion, Willett admitted that he had not completed the painting and maintenance work on Simmons's pool when the pool was damaged on May 20, 1996. Simmons filed a motion adopting Willett's motion for summary judgment and attorney fees. In light of Willett's admission that he had not completed the work when the swimming pool was pushed out of the ground, Pekin filed a cross-motion for judgment on the pleadings pursuant to section 2—615(e) of the Code of Civil Procedure. 735 ILCS 5/2—615(e) (West 1996).

The trial court denied Pekin's motion for judgment on the plead-

ings and granted Willett's motion for summary judgment. The trial court found that the damage to the pool was covered under the Pekin policy but denied Willett's motion for attorney fees. Pekin appeals the trial court's denial of its motion and the granting of Willett's and Simmons's motion for summary judgment. Willett cross-appeals the trial court's denial of his motion for attorney fees. Simmons filed a notice of appeal challenging the trial court's denial of attorney fees but failed to file a brief discussing the issue.

■ "Judgment on the pleadings is only appropriate when an examination of the pleadings discloses the absence of any material issue of fact, and the rights of the parties can be declared as a matter of law." *Richco Plastic Co. v. IMS Co.*, 288 Ill. App. 3d 782, 786 (1997).

■ ■ Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 483 (1998). Insurance policies are contracts and, as such, must be interpreted in accordance with the rules of contract construction. *Willison v. Economy Fire & Casualty Co.*, 294 Ill. App. 3d 793, 797 (1998). Because the construction of an insurance policy is a question of law, it is subject to *de novo* review. *American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 479-80 (1997).

■ It is well established that, when construing the language of an insurance policy, courts must ascertain and give effect to the intention of the parties as expressed in their agreement. *Koloms*, 177 Ill. 2d at 479. Thus, courts must accord terms contained in the policy their plain and ordinary meaning and apply those terms as written unless such application contravenes public policy. *State Farm Mutual Automobile Insurance Co. v. Villicana*, 181 Ill. 2d 436, 441-42 (1998). In addition, a court must construe exclusions liberally in favor of the insured and against the insurer. *Villicana*, 181 Ill. 2d at 442. However, if an exclusion is clear and unambiguous and does not contravene public policy, it must be applied as written. *Safeco Insurance Co. v. Seck*, 225 Ill. App. 3d 397, 400 (1992).

■ The standards by which a court determines whether an insurer is obligated to defend its insured are clear. Ordinarily, a court looks to the allegations in the underlying complaint and compares those allegations to the relevant provisions of the insurance policy. *Koloms*, 177 Ill. 2d at 479. The insurer's duty to defend arises if the facts alleged in the complaint fall within, or potentially within, the language of the policy. *Koloms*, 177 Ill. 2d at 479.

Willett and Simmons do not argue that the exclusions at issue in this case are ambiguous. After reviewing the exclusions, we determine

that they are clear and unambiguous. Thus, we must apply the plain and ordinary meaning of the language contained in the exclusions. See *Seck*, 225 Ill. App. 3d at 400.

Applying the plain and ordinary meaning of the exclusions at issue, it is clear that both sections j(5) and j(6) exclude coverage for the incident in question in this case. Section j(5) of the policy excludes coverage for property damage to:

> "(5) That particular part of real property on which [the insured] or any contractors or subcontractors working directly or indirectly on [the insured's] behalf are performing operations, if the 'property damage' arises out of those operations[.]"

Section j(6) of the policy excludes coverage for property damage to:

> "(6) That particular part of property that must be restored, repaired, or replaced because your work was incorrectly performed on the property."

■ The underlying complaint filed by Simmons alleged that Willett, while working on Simmons's swimming pool, failed to fill the pool in a timely manner and that this failure caused the pool to pop up out of the ground. We determine that section j(5) clearly excludes coverage to Willett for the property damage at issue in this case. The underlying complaint alleged that a part of real property, namely, the swimming pool, was damaged while Willett was working on the swimming pool. It is undisputed that his work was not yet complete when the damage occurred. Further, the complaint alleged that the swimming pool was allegedly damaged due to Willett's failure to fill the pool. Thus, the complaint alleged that the property damage allegedly arose out of Willett's "operations."

The language contained in section j(6) clearly excludes coverage as well. In essence, the underlying complaint alleged that the swimming pool needed to be replaced or repaired because Willett performed his work incorrectly by failing to fill the pool in a timely manner. Thus, both exclusions apply to this case and preclude coverage to Willett under the terms of the policy. Accordingly, the trial court erred by granting summary judgment to the defendants. Further, because there is no material issue of fact and the plaintiffs are entitled to judgment as a matter of law, the trial court erred by denying the plaintiff's motion for judgment on the pleadings. See *Richco Plastic Co.*, 288 Ill. App. 3d at 786.

Willett and Simmons argue that general liability insurance policies exclude only economic or contractual damages and not consequential damages. They claim that, because the underlying suit contains a claim for breach of contract and tort, Pekin had a duty to defend. In other words, because the underlying complaint seeks recovery for the

swimming pool that was not provided, built, or supplied by Willett, the exclusions do not preclude coverage.

However, Willett and Simmons ignore the clear and unambiguous language of the exclusions. The exclusions disallow coverage not only for damage to Willett's work product but also for damage caused by Willett's work product to property on which he was "performing operations."

In a related argument, Willett and Simmons claim that Pekin owed a duty to defend because the underlying complaint did not allege that Willett's work on the surface of the pool damaged the pool. We find this argument without merit. Exclusions j(5) and j(6) are not drafted as narrowly as the defendants claim. The exclusions do not exclude coverage for damage done only to the precise area of the property being worked on. Rather, the exclusions apply to property damage caused by poor workmanship.

*Pekin Insurance Co. v. Richard Marker Associates, Inc.*, 289 Ill. App. 3d 819 (1997), cited by Willett and Simmons is distinguishable. In *Pekin Insurance*, the underlying complaint sought damages not only for the allegedly defective building but also for other property such as furniture, clothing, and antiques allegedly damaged because of the faulty workmanship. *Pekin Insurance*, 289 Ill. App. 3d at 823. However, in *Pekin Insurance*, this court acknowledged that, "when the underlying complaint alleges only damage to the structure itself, courts have found that there was no coverage." *Pekin Insurance*, 289 Ill. App. 3d at 822. In the case at bar, the underlying complaint alleges only damage to the structure worked on by Willett, namely, the swimming pool. Thus, this case is distinguishable from *Pekin Insurance*.

The other cases cited by Willett and Simmons are also easily distinguishable. Neither *Western Casualty & Surety Co. v. Brochu*, 105 Ill. 2d 486 (1985), nor *Ohio Casualty Insurance Co. v. Bazzi Construction Co.*, 815 F.2d 1146 (7th Cir. 1987), discusses the exclusions at issue in this case. The exclusion in *Brochu* disallowed coverage for " 'damage to work performed by *** [the insured.]' " *Brochu*, 105 Ill. 2d at 494. The exclusions in the case at bar are broader in that they exclude "[t]hat particular part of real property on which [the insured is] *** performing operations" and "[t]hat particular part of any property that must be restored, repaired or replaced." Thus, unlike the exclusions in *Brochu*, the exclusions at issue in this case are not limited to the insured's work. Further, in *Bazzi*, the court declined to discuss the applicability of the relevant exclusions because the insurer waived the issue. *Bazzi*, 815 F.2d at 1149.

We note that Illinois courts have not had occasion to interpret the identical exclusions at issue here. However, similar or identical provi-

sions have been interpreted by a number of other jurisdictions. Our interpretation in this case is in accord with these interpretations. For example, in *Jet Line Services, Inc. v. American Employers Insurance Co.*, 404 Mass. 706, 537 N.E.2d 107 (1989), Jet Line was hired to clean and repair a large petroleum tank. While the insured's employees were working on the bottom of the tank, it exploded. The tank owners sued Jet Line for $400,000 in damages, alleging that Jet Line negligently caused the explosion. Jet Line sought defense from American Employers Insurance under a general liability insurance policy. American Employers Insurance denied coverage based on a provision that excluded "coverage for damage 'to that particular part of any property ... upon which operations are being performed' by the insured 'at the time of the property damage arising out of such operations.' " *Jet Line*, 404 Mass. at 711, 537 N.E.2d at 111. The Massachusetts Supreme Court concluded that this exclusion applied to the tank explosion even though the Jet Line employees were working only on the bottom of the tank when the explosion occurred. *Jet Line*, 404 Mass. at 711, 537 N.E.2d at 111.

The exclusion at issue in *Jet Line* is quite similar to exclusion j(5) in the case at bar. Further, the damaged tank in *Jet Line*, like the swimming pool in this case, was not supplied by the insured. Rather, the insureds in *Jet Line* and in the case at bar had simply agreed to clean and repair the property at issue. Further, the court in *Jet Line* rejected the argument that the exclusion did not apply because the employees were not working on the entire tank when the explosion occurred. Because the facts and exclusions are so similar, we find the reasoning in *Jet Line* persuasive.

■ Because we have determined that Willett and Simmons have not prevailed on the declaratory judgment action, their argument that the trial court abused its discretion by denying their motion for attorney fees is moot. Further, Willett's motion for attorney fees incurred on appeal is denied.

Accordingly, we reverse the trial court's granting of Willett's and Simmons's motion for summary judgment, reverse the trial court's denial of Pekin's motion for judgment on the pleadings, affirm the trial court's denial of Willett's and Simmons's motion for attorney fees, and grant judgment in favor of the plaintiff, Pekin.

The judgment of the circuit court of Lake County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

INGLIS and RATHJE, JJ., concur.