FIRST DIVISION

No. 1-09-0553

| | | |
|---|---|---|
| GERALD RYAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | No. 07 CH 17255 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | Honorable |
| | ) | Dorothy K. Kinnaird, |
| Defendant-Appellee. | ) | Judge Presiding. |
| | ) | |

JUSTICE LAMPKIN delivered the opinion of the court:

In this dispute involving a vehicle collision and uninsured motorist coverage, the insured, plaintiff Gerald Ryan, appeals the trial court's grant of summary judgment in favor of his insurer, defendant State Farm Mutual Automobile Insurance Company (State Farm). Plaintiff contends he is entitled to coverage because the vehicle at issue was not furnished or available for his regular use and, thus, not excluded from uninsured motorist coverage under his State Farm insurance policy. For the reasons that follow, we affirm the judgment of the trial court.

## I. BACKGROUND

The facts are not in dispute. In 2005, plaintiff, a Chicago police officer, was injured in a collision with an uninsured motorist while operating a patrol car owned by plaintiff's employer, the City of Chicago. Plaintiff never drove this particular patrol car either before or after the collision. He was randomly assigned a patrol car from a pool of 20 to 25 vehicles when he began

his work shift.

Plaintiff made a claim under the uninsured motor vehicle coverage of his State Farm policy on a vehicle he owned. State Farm denied his claim, and this declaratory judgment action was filed, seeking a judicial determination of the parties' rights under the terms of the State Farm policy. The parties filed cross motions for summary judgment, and the trial court heard oral argument.

The trial court ruled that plaintiff was not entitled to uninsured motorist coverage because the vehicle he was operating on the day of the collision was "furnished or available for his regular use," within the meaning of the coverage exclusion of his State Farm policy. Accordingly, the trial court granted summary judgment for State Farm and denied summary judgment for plaintiff. Plaintiff appealed.

## II. ANALYSIS

We review a grant of summary judgment by the trial court *de novo*. Jewelers Mutual Insurance Co. v. Firstar Bank Illinois, 213 Ill. 2d 58, 62 (2004). Summary judgment can only be entered "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2006); Prairie v. University of Chicago Hospitals, 298 Ill. App. 3d 316, 319 (1998). Summary judgment is a drastic means of disposing of litigation and should only be allowed when the right of the moving party is clear and free from doubt. Loyola Academy v. S&S Roof Maintenance, Inc., 146 Ill. 2d 263, 271 (1992).

Plaintiff's State Farm policy contains the following exclusion for uninsured motor vehicle coverage:

"THERE IS NO COVERAGE UNDER COVERAGES U AND U1 FOR ***BODILY INJURY*** TO AN ***INSURED*** WHILE ***OCCUPYING*** A MOTOR VEHICLE OWNED BY, LEASED TO, OR FURNISHED OR AVAILABLE FOR THE REGULAR USE OF ***YOU, YOUR SPOUSE*** OR ANY ***RELATIVE*** IF IT IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY."

Coverages U and U1 are the uninsured motor vehicle coverages. This policy exclusion conforms to the statutory exclusion set forth in section 5/143a(1) of the Illinois Insurance Code (215 ILCS 5/143a(1) (West 2006)) concerning uninsured and hit and run motor vehicle coverage, which was added by amendment in 1995 (Pub. Act 89-206, §5, eff. July 21, 1995).

Plaintiff contends the patrol car in which he was injured was not a vehicle furnished or available for his regular use within the meaning of the regular use exclusion of his State Farm automobile policy. Plaintiff states that he used the vehicle at issue only once, on the day of the collision, so it was not available for his regular–*i.e.*, customary, usual or normal–use. Plaintiff argues that where he was not regularly assigned to use the vehicle at issue and never operated it either before or after the date of the collision, those facts did not bring him within the regular use exclusion of his State Farm policy. He also argues that the regular use exclusion does not expressly reference a pool of vehicles, and the trial court erroneously stretched that exclusion to include vehicle pools.

3

1-09-0553

Because insurance policies are contracts, they must be construed according to the rules of contract construction. Pekin Insurance Co. v. Willett, 301 Ill. App. 3d 1034, 1037 (1998). The construction of an insurance policy is a question of law and, thus, subject to *de novo* review. Pekin Insurance Co., 301 Ill. App. 3d at 1037. When construing the language of an insurance policy, courts must ascertain and give effect to the intention of the parties as expressed in their agreement. Pekin Insurance Co., 301 Ill. App. 3d at 1037. Thus, policy terms are given their plain and ordinary meaning and are applied as written unless such application contravenes public policy. Pekin Insurance Co., 301 Ill. App. 3d at 1037. Furthermore, the rule that exclusions are liberally construed in favor of the insured and strictly against the insurer applies only where the language used is ambiguous. Pekin Insurance Co., 301 Ill. App. 3d at 1037; Sypien v. State Farm Mutual Automobile Insurance Co., 111 Ill. App. 3d 19, 21 (1982).

The language of the regular use exclusion is clear and unambiguous and does not contravene public policy. Plaintiff correctly notes that he did not regularly use the particular vehicle in question. However, the plain language of the exclusion does not deny uninsured motorist coverage for the vehicles plaintiff merely *regularly used*; it denies such coverage for those vehicles *furnished or available* for his regular use. Plaintiff misreads the exclusion; it does not depend on actual use, but on availability. The vehicle at issue was one of the pool of patrol cars plaintiff's employer made available to him. The fact that plaintiff never previously drove the vehicle at issue is immaterial. It was part of the pool of vehicles furnished or available to him for his regular use while on duty as a patrol officer. See Voelker v. The Travelers Indemnity Co., 260 F.2d 275, 278 (7th Cir. 1958) (the length of time a National Guard sergeant drove a

4

1-09-0553

particular military truck was irrelevant; it was excluded from his private auto insurance coverage because it was furnished for his regular use).

Applying the plain and ordinary meaning of the regular use exclusion, it is clear that its purpose is to cover the insured's infrequent or merely casual use of an automobile other than the one described in his policy without the payment of an additional premium; however, it does not cover the insured for his use of other automobiles that are furnished for his regular use or that he has the opportunity to use on a regular basis. Voelker, 260 F.2d at 278. The daily or frequent use of a police patrol car, often in risky driving situations, substantially increases the risk of an accident. Therefore, it is unreasonable to conclude that plaintiff's State Farm policy, which covered his private automobile for a certain premium, contemplated extending coverage to him for any patrol car he drove while on duty without any additional premium for such coverage and despite the insurer's greatly increased risk. Such an interpretation violates the purpose of the exclusion by significantly increasing the risk to State Farm without any corresponding increase in premiums.

Plaintiff's complaint that the regular use exclusion does not expressly reference a pool or fleet of vehicles is irrelevant. There is no need for such a reference because the clear and unambiguous language of the exclusion encompassed the vehicle at issue under these facts regardless of whether it was his employer's sole vehicle or part of a pool. Illinois courts have not had occasion to address plaintiff's assertion that a randomly assigned vehicle from a pool is not subject to the regular use exclusion. However, cases involving similar fact situations and policy language have been addressed by a number of other jurisdictions, which have held that a vehicle

5

is available for the insured's regular use if it is one of a pool of vehicles and the insured regularly uses vehicles from that pool. See, *e.g.*, Peyton v. Bseis, 680 So.2d 81, 84 (La. Ct. App. 1996); Drollinger v. Safeco Insurance Co. of America, 797 P.2d 540, 543 (Wash. Ct. App. 1990); Galvin v. Amica Mutual Insurance Co., 417 N.E.2d 34, 36 (Mass. App. Ct. 1981); Bringle v. Economy Fire & Casualty Co., 169 N.W.2d 879, 883 (Iowa 1969); Moore v. State Farm Mutual Automobile Insurance Co., 121 So.2d 125, 135 (Miss. 1960). Because the facts and exclusions are so similar, we find the reasoning in those cases persuasive, and our holding in this case is in accord with those jurisdictions.

Plaintiff contends that the ordinary person would not understand that a vehicle randomly assigned from a vehicle pool falls within the policy exclusion and cites Gillen v. State Farm Mutual Automobile Insurance Co., 215 Ill. 2d 381 (2005), for the proposition that an insurance policy should be construed according to the understanding of the average insured. Plaintiff's reliance on Gillen, however, is unavailing because that case is inapposite to the issue before us. The Gillen court addressed whether the insurer could offset from its uninsured motorist coverage the amount that the city paid to the insured, an injured paramedic, for medical bills pursuant to a pension code. The court concluded that the language of the setoff clause was not clear, definite and specific and, thus, construed the ambiguity in favor of the insured. Gillen, 215 Ill. 2d at 395. Here, in contrast, State Farm's regular use exclusion was not ambiguous. Moreover, the facts in Gillen are readily distinguishable from the facts at issue here. In Gillen, the paramedic was entitled to uninsured motorist coverage where he was struck at the scene of an emergency and was not occupying a vehicle when he was injured. Here, in contrast, plaintiff was not a

6

pedestrian; he was occupying the patrol car in question.

Finally, we reject plaintiff's argument that denying him coverage under the regular use exclusion is contrary to our legislature's intent because it leaves an insured with less coverage than if the uninsured driver had the statutory minimum coverage. State Farm's regular use exclusion is not contrary to public policy where it conforms to the language of the statutory regular use exclusion enacted by our General Assembly. 215 ILCS 5/143a(1) (West 2006). As discussed above, it is not contrary to public policy to exempt insurers from covering substantial risks for which they have not collected a premium.

Accordingly, we find that the trial court correctly held that the patrol car occupied by plaintiff at the time of the accident was furnished or available for his regular use, within the meaning of his policy's uninsured motorist coverage exclusion.

### III. CONCLUSION

The trial court's order granting summary judgment for State Farm and denying summary for plaintiff is affirmed.

Affirmed.

GARCIA and PATTI, JJ., concur.

1-09-0553

GERALD RYAN,

Plaintiff-Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee.

No. 1-09-0553

Appellate Court of Illinois
First District, FIRST DIVISION

December 28, 2009

Justice Bertina E. Lampkin authored the opinion of the court:

Justice Garcia and Justice Patti concur.

Appeal from the Circuit Court of Cook County.
The Hon. Dorothy K. Kinnaird, Judge Presiding.

**COUNSEL FOR APPELLANT**
Gordon & Centracchio, LLC, Chicago, IL 60606
OF COUNSEL: Joseph G. Ryan and Beth Schillen

**COUNSEL FOR APPELLEE**
Taylor Miller LLC, Chicago, IL 60602
OF COUNSEL: John R. Adams

1-09-0553